## WILLIAM P. COLBURN v. JULIA E. COLBURN.

*Husband and wife—Divorce—Desertion—Residence—Good faith.*

1. The desertion by a wife of her husband in another state, where she continues to reside, need not have continued for two years after his removal to Michigan to entitle him to a divorce on *that* ground, nor need he have resided in this State for two years prior to filing his bill.

2. If in a suit for divorce it appears that the complainant came to Michigan intending to remain just long enough to secure such divorce, which he could not secure under the law of the state from which he removed, and then to return to the latter state, the court would be justified in denying him the relief sought, upon the ground that his residence in this State was not *bona fide*, but in fraud of the law. ·

3. The fact that a man removes from another state to Michigan because our laws are more suited to his ideas or wants in life, to become a good-faith resident of this State, cannot operate against him here, but he is entitled to the equal benefit and privilege of such laws with those who were born here, or who removed here without thought or understanding of our laws.

Appeal from Van Buren. (Mills, J.) Submitted on briefs June 12, 1888. Decided June 15, 1888.

Bill for divorce. Complainant appeals. Decree reversed, and one entered granting. the relief prayed for. The facts are stated in the opinion.

*J. G. Parkhurst,* for complainant.

MORSE, J. The complainant filed his bill for divorce on August 4, 1885, in the circuit court for the county of Van Buren, in chancery, alleging desertion by his wife, commencing on November 1, 1882, and continuing up to the time of the filing of said bill. The bill contained all the proper and necessary allegations, and was regularly taken as confessed, upon proof of publication; the defendant being a resident of the state of New York. Testimony was taken by deposition, and the complainant was also examined by the court upon its own motion and order.

The circuit judge dismissed the bill upon the following grounds, as stated in his decree: That the complainant was not a permanent resident of the State; and that he came here mainly for the purpose of obtaining a decree of divorce, and not to become a *bona fide* resident; and that, at the time of filing his bill, he had not resided in this State for a period of two years; and that the desertion of the defendant, alleged in said bill of complaint, had not continued in this State for two years at that time.

We think this decree erroneous upon all the grounds stated. A clear case of aggravated desertion was made out by the proofs. It was not necessary that the desertion should have continued two years in this State, or that complainant should have resided here two years before the filing of the bill of complaint. The desertion took place in Alleghany county, N. Y., in the month of November, 1882, and continued until the filing of the bill. The wife resided in the state of New York all of the time. The complainant came to Michigan on July 29, 1884; and, if he came here with the good-faith intent of becoming a resident, it was only necessary, under the law as it existed at the time of the filing of the bill and the entering of the decree, that he should have resided here one year before the filing of the bill. The complainant tes-

tified that he came here with the intention of permanently residing in this State; that his main purpose in choosing Michigan as a home was to procure a divorce from his wife, as desertion was not a cause for divorce in New York. He left no property in New York, and has none here except what he has earned since he came to this State.

We think the evidence clearly shows that the complainant is a good-faith resident of this State. If so, it is entirely immaterial what motives influenced him in coming here. And, certainly, the fact that he moved here because he was suited with our laws, or wished to receive the benefit of them, should not be used against him to debar him of his rights under those laws. It may be that our divorce laws at that time were not as strict as they ought to have been, but that is no reason why they should not have been enforced with an equal hand. The fact that a man moves from New York because the laws of this State are more suited to his ideas or wants in life, to become a good-faith resident of this State, cannot operate against him here. He is entitled to the equal benefit and privilege of the laws with those who were born here, or who removed here without thought or understanding of our laws.

If it were shown that a person came here with the intent of staying here just long enough to gain a divorce, which he could not procure under the laws of the state from which he removed, and then to return to the place from whence he came, the court would be justified in denying him the relief sought, upon the ground that his residence in this State was not *bona fide*, but in fraud of the law.

In this case, the complainant, as he testifies, thought of making his home in the West, and one of the reasons for selecting Michigan was because of her divorce laws. We think he had a right to leave New York because he was not satisfied with the laws of that state in reference to divorce or any other matter, and had a right to settle in Michigan

because the laws of this State suited him in relation to divorce or any other thing. If he did not falsely assume to become a resident in order to get a divorce, with the intent of leaving the State after his purpose was accomplished, the reasons why he came here can have no bearing upon his rights as a citizen of this State.

The decree of the court below is reversed, and a decree will be entered here, granting the complainant a divorce from the defendant, and dissolving the marriage between them.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred.