JAMES L. MYLES, petitioner and appellant,

*v.*

MARTHA MYLES, respondent.

[Submitted March 16th, 1910. Decided June 20th, 1910.]

The term of two years' willful, continued and obstinate desertion described in the Divorce act as entitling the injured party to a divorce *avinculo*, is that next preceding the filing of the petition for divorce.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery.

*Messrs. Coult & Smith,* for the appellant.

*Mr. Edward Kenny,* for the respondent.

PER CURIAM.

The decree of the court of chancery will be affirmed, for the reasons given in the opinion of Vice-Chancellor Emery, with one reservation, which seems to be required by certain expressions in the opinion, and especially in the concluding part of it.

The suit was for divorce on the ground of willful, continued and obstinate desertion for the term of two years. *P. L. 1902 p. 502 § 2; P. L. 1907 pp. 474, 476.* The parties had lived separate for over twelve years preceding the commencement of the suit, the husband claiming the original separation to have been due to the fault of the wife. From the language of the opinion already referred to, the inference is permissible, if not necessary, that the vice-chancellor regarded the first two years of the separation as the period to be examined in determining whether petitioner was entitled to his divorce. We hardly think he meant to be so understood, but to avoid any misunderstanding of our affirmance of the decree, we think it advisable to express our dissent from any such proposition. The two years contemplated by the statute are of course those immediately preceding the filing of the petition. Such, we think, has always been the understanding of the bar, and we think that since the act of 1794 (*Pat. L. 1794 p. 143 § 3*) the recognized precedents of petitions in desertion cases, to which the petition in the present case conforms, have always alleged that "for more than the statutory number of years last past" (*i. e.,* preceding the filing of the petition), the defendant has willfully, continuously and obstinately deserted the petitioner. *Dick. Ch. Prec. (2d ed.) 458; Bidd. N. J. Div. Prac. 46, 86; Potts Ch. Prec. 264.* That the period of desertion must be that immediately preceding the petition is plain from the fact that if the petition left a hiatus between such period and the date of filing of the petition, such hiatus might readily represent a complete reconciliation and reunition of the parties that would entirely destroy any right to a divorce arising out of a previous desertion.

Applying this rule to the facts in the case as appearing from the testimony, we agree with the vice-chancellor that petitioner has failed to show such desertion as under the statute entitled him to a divorce.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—14.

*For reversal*—None.