AMELIA KOCH

*v.*

HERMAN KOCH.

[Decided June 15th, 1911.]

1. The construction of a particular provision of the Divorce act (act May 17th, 1907, *P. L. p. 474*) should be made in view of and in connection with the other sections of the act, and the intention of the entire act.

2. In construing the Divorce act (act May 17th, 1907, *P. L. p. 474*), resort might properly be had if the construction were doubtful to the public acts and proceedings showing that some of the clauses were adopted on the recommendation of a congress held to frame a uniform divorce law.

3. The petitioner for divorce was deserted in New York and shortly returned to New Jersey, where the desertion continued for more than two years. The Divorce Revision act of May 17th, 1907 (*P. L. p. 474*), provided that absolute divorce might be had for desertion for two years. Section 33 provided that, if any inhabitant of the state shall go into another state to obtain a divorce for a cause which occurred while the parties resided in the state, the decree so obtained should be of no force in the state. Section 6 provided that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for two years next preceding the commencement of the action a *bona fide* resident, and that jurisdiction might be obtained upon a cause which occurred without the state, when since the cause, either party has been a resident for two years, and the cause was recognized in the jurisdiction in which such party then resided.—*Held*, that a cause of action for desertion does not arise until the entire two years have elapsed, and therefore the cause of action in this instance accrued in New Jersey.

On petition for divorce. On exceptions to master's report.

*Mr. Leon Abbett*, for the exceptant.

EMERY, V. C.

The petition for divorce from the bonds of matrimony filed July 16th, 1909, is based on desertion. It alleges a separation of

the parties in August, 1904, at which time they were living in New York, the return of both parties at that time to the homes of their respective parents in Hoboken, and the subsequent residence of both parties in Hoboken up to the time of filing the petition. The desertion is alleged to have occurred on January 1st, 1905, and to have continued since. The master reports that the parties were married in the city of New York in 1902 and lived together until some time in 1904; that the wife's uncorroborated evidence fixes the date of separation as August 17th, 1904, but that the desertion existed from July or August, 1905, is shown by corroborative evidence. On these facts the master reports that the cause of action arose in the city of New York where the petitioner then resided, and inasmuch as there is no allegation in the petition or testimony, that at the time of desertion the cause of action was recognized in New York as a ground for the same relief asked in this state, he reports that the petition should be dismissed.

It appears by the wife's uncorroborated evidence in the case that on or about August 14th, 1904, when they were residing in New York, the husband, without offering to take the wife with him, left the home there after telling his wife that he himself intended to return to live with his parents in Hoboken, and that she could do as she chose, either stay in New York or return to her own parents in Hoboken. She returned to Hoboken on August 17th, and has since that time resided there, with her father or father's mother. Her return and subsequent residence in this state is proved by corroborative evidence. The precise date of the return is fixed only by the wife's evidence, but that there was a desertion as existing from July or August, 1905, and her residence then in this state is fixed by conversation of another witness with the husband at that time.

In this case personal service of process was made upon the defendant within this state, and the section of the Divorce act of 1907, applicable to the case, is section 6, which is as follows:

"6. For purposes of divorce, either absolute or from bed and board, jurisdiction may be acquired by personal service of process upon the defendant within this state, under the following conditions:

"(*a*) When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the action a *bona fide* resident of this state.

"(*b*) When, since the cause of action arose, either party has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state; provided, the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

Upon the evidence the master's opinion was that the cause of action on this petition for divorce for two years desertion arose in the State of New York (the place where, according to the wife's evidence, she resided at the beginning of the term of the desertion), and not in the State of New Jersey, the place where she resided at the expiration of the two years fixed by the act as a cause for divorce, and that the case came not under paragraph (*a*) but under paragraph (*b*), the proviso of which required petitioner to prove that the cause of action alleged was recognized in New York as a ground for the same relief asked for in the petition. For the failure either to make such allegation in the petition, or proof thereof before him, he advised dismissal of the petition. In this view, as to the place of petitioner's residence when the cause of action arose, within the meaning of this section, the master was in error.

This section must of course be read in connection with the previous sections of the act, and also in view of the object of the entire Divorce Revision act of 1907. *P. L. 1907 p. 474.* This act, which embraced the subjects of divorce, decrees for nullity, alimony and maintenance, made substantial changes in the existing laws, especially with reference to the jurisdiction of this court, and the scope of the act may be briefly stated, for present purposes, as follows: Subdivision I. relates to "Decrees for Nullity," and subdivision II., page 475, to "Causes for Divorce," the word "causes" being here used in the sense or meaning of "grounds" or "reasons" for decrees of divorce, either absolute (section 2) or limited (section 3). As to absolute divorces, the provision is:

"CAUSES FOR DIVORCE.

"2. Divorces from the bond of matrimony may be decreed for the following causes:

"I. Adultery by either of the parties;

"II. Willful, continued and obstinate desertion for the term of two years."

Subdivision III.—"Jurisdiction"—contains the provision as to jurisdiction (sections 4 to 8), section 4 being as follows: "4. The court of chancery shall have jurisdiction of all causes of divorce or nullity and of alimony and maintenance by this act directed and allowed." In this section, intended to designate the court in which suits for divorce are to be brought, the words "causes of divorce" are used in the sense of suits or actions for divorce.

Section 5 prescribes the manner of acquiring jurisdiction in annulment cases—first, by personal service of process within the state, and second, by publication, followed where practicable by other notice as directed.

Sections 6 and 7 prescribe the manner of service for acquiring jurisdiction "for purposes of divorce, either absolute or from bed and board," the former section giving jurisdiction by personal service of process within the state; the latter, by publication, followed by other notice or service. In both sections 6 and 7 the acquiring of jurisdiction is prescribed to be upon conditions connected with *bona fide* residence in this state, and prescribed by paragraphs (*a*) and (*b*) in each section. These conditions are similar in the paragraphs of the two sections, except that in section 6, where jurisdiction is obtained by personal service within the state, the conditions apply to the residence of either party, while under section 7, where jurisdiction is obtained by publication, the conditions refer solely to the petitioner's residence.

The conditions now under consideration in paragraphs (*a*) and (*b*), under these two sections, contemplate that when that, which is called in these sections "the cause of action," arises, either of the parties (under section 6) or the petitioner (under section 7) may be a resident of this state or may be a resident of another jurisdiction, and a condition of jurisdiction of the court is added, which depends upon the place of residence at the

time when the cause of action arises, and differs in the two cases of domestic or foreign residence at that time. Paragraph (*a*) in both sections gives jurisdiction "when, at the time the cause of action arose, either party (under section 6) or the petitioner (section 7) was a *bona fide* resident of this state." Paragraph (*b*) in both sections gives jurisdiction "when, since the cause of action arose, either party (under section 6) or the petitioner (section 7) has become a *bona fide* resident of this state." In such case, *i. e.*, where the cause of action arose in another state, a further limitation is added by the proviso in paragraph (*b*) of both sections:

"Provided, the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

The remaining sections of the act, with the exception of section 33, relate to "Procedure and Practice," subdivision IV., sections 9–24; "Alimony and Maintenance," subdivision V., sections 25–27; "Miscellaneous Provisions," subdivision VI., sections 28–32, and have no bearing on the present issue.

Section 33, however, was a new provision relating to "Foreign Decrees," subdivision VII., and should be considered in connection with the jurisdiction clauses of the act, to which this section expressly refers for its test or standard of the validity in this state of the foreign decree.

This section provides that

"Full faith and credit shall be given in all courts of this state to a decree of annulment of marriage or divorce by a court of competent jurisdiction in another state, territory or possession of the United States when the jurisdiction of such court was obtained in the manner and in substantial conformity with the conditions prescribed in sections five, six and seven of this act. * * * *provided*, that if any inhabitant of this state shall go into another state, territory or country, in order to obtain a decree of divorce for a cause which occurred while the parties resided in this state, or for a cause which is not ground for divorce under the laws of this state, a decree so obtained shall be of no force or effect in this state."

The present question relates to the construction of these clauses in the sixth and seventh sections prescribing conditions connected

with the residence of parties "at the time the cause of action arose," and they must be construed in view of and in connection with the previous sections of the act, and also with the object of the whole act in view.

And if doubt as to the construction of the words should arise on the face of the act, it would be proper, I think, to resort to the public acts and proceedings showing that the adoption of the jurisdiction clauses in their present form was on the recommendation of a conference or congress of commissioners from a large number of states (in which New Jersey was represented) held for the purpose of framing a uniform divorce law to be adopted by the several states. (Special message of the governor of New Jersey, March 12th, 1907. Minutes of Assembly, pages 392, &c., and report of commissioners referred to in same.)

If these be examined, it will appear that these provisions, as to jurisdiction and the effect of foreign decrees, were recommended by the divorce congress for adoption by all the states, for the purpose of establishing uniform rules which should remedy the evils of the so-called "Migratory Divorces," and reach all cases relating to the effect of foreign decrees not covered by the federal constitution as interpreted by the supreme court.

As it seems to me, however, the construction of the act, so far as relates to the case in hand, does not give rise to any doubt.

The view of the master seems to have been that inasmuch as the desertion originated in New York, the "cause of action" arose there. This view treats mere desertion in New York, without regard to its continuance, as being a "cause of action," within the meaning of section 6, and as a cause of action arising in New York.

Section 2 of the act which prescribes the "causes for divorce" from the bond of matrimony as being—first, adultery, and second, desertion for two years, omits altogether any reference to the place where the offence is committed, and relates merely to the substantive grounds or reasons for · divorce, without regard to whether the offences are committed in the state or elsewhere. The clauses (*b*) in both sections 6 and 7 show that the offence defined in section 2, and which is made by that section a "cause"

or "ground" for divorce in New Jersey, may arise either in this or another state. As to adultery, one of the two causes for divorce, residence at the time the cause of action arose by reason of a specified act, is necessarily referable to a certain time and place. Desertion, the second cause of divorce, on the other hand, being a continuous act, may or may not become a completed "cause or ground for divorce" in New Jersey, within the second section, and the cause of action or ground for divorce under the New Jersey statute—desertion for two years does not arise until the termination° of two years. But in both cases, it is the intention of the statute to refer the question of residence to a certain and fixed instant of time, and this time, in desertion cases, must, I think, be taken to be the time when the cause or ground for divorce for desertion, under the second section, is terminated and a cause of action arises upon this cause or ground for divorce. This time is the end of the two years continuous desertion, whether in this state or elsewhere, and cannot be taken to mean the commencement of the desertion, or any other time before the termination. If, at this time, either party (under section 6) or the petitioner (under section 7) afterwards becomes a resident, then the two further conditions as to jurisdiction prescribed by the proviso to paragraph (*b*), in sections 6 and 7, become applicable; and it must be shown—first, that one of the parties (under section 6) or the petitioner (under section 7) becoming a resident of this state after the cause of action arose, has continued to be such resident for at least two years before bringing the action; and second, that the cause of action (meaning here cause of divorce) alleged in the petition was recognized in the jurisdiction where the party (under section 6) or the petitioner (under section 7) resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state.

On this construction of the act, the petitioner, upon the evidence before the master, resided in this state when the cause of action arose, and the case came under paragraph (*a*) of section 6 instead of paragraph (*b*).

The other conditions of jurisdiction annexed to paragraph

(*a*), viz., continuance of residence in this state from the time the cause of action arose to the time of commencing the action, and two years' residence next preceding the action, have both been complied with in the present case.

A decree sustaining the exceptions and granting a divorce will be advised.