MULLENBAND *v.* MULLENBAND.

Opinion delivered February 10, 1919.

DIVORCE—DESERTION—RESIDENCE.—Where a husband deserted his wife in Texas where desertion is not a ground for divorce until it has continued for three years, and the wife in good faith moved to Arkansas after desertion, she could obtain a divorce in this

State under Kirby's Dig., § 2678, after residing here two years, as desertion is not a specific act, but a continuing cause of conduct.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Mehaffy, Reid, Donham & Mehaffy,* and *Gus Ottenheimer,* for appellant.

1. Desertion is clearly established; the husband knew the whereabouts of his wife, and failed to go to her or allow her to go to him and his intentions were clearly to abandon her. 55 Atl. 996; 104 Ark. 381. The wife's testimony was sufficiently corroborated *Ib.;* 9 R. C. L. 436.

2. The cause of action "existed" or "occurred" in this State. Kirby & Castle's Digest, § § 2892, 2886; 125 Ark. 391; 72 Conn. 567; 91 Ky. 634; 34 N. H. 519; 10 Ind. 436; 17 Ill. 476; 48 Atl. 533; 38 N. W. 607; 10 Tex. 555. The law and the facts entitle appellant to a divorce.

SMITH, J. Appellant proved at the trial from which this appeal is prosecuted that her husband had wilfully deserted her in the State of Texas something more than two years prior to the institution of this suit. But, notwithstanding this proof, the court refused a divorce on the ground that the desertion had occurred in Texas, where the parties were then living, and that under the laws of that State desertion was not a ground for divorce until the desertion had continued for a period of at least three years, and that time had not expired when the suit was brought.

Appellant was a resident of this State prior to her marriage, and lived with her husband in Texas for only a few weeks, when he told her that he did not love her and would live with her no longer. When her husband left her she had no means of support and was compelled to return to her home in this State. Before returning to this State, however, she had learned of her husband's address in another city, and wrote him that unless he would allow her to go to him she would be compelled to

return to this State. She received an answer from her husband in which he stated that this was the best thing for her to do, as he never intended to live with her again. Some months after returning to this State her husband called at her home here and, during the conversation which then occurred, he told her that he had known all the time where she was but that he had not apprised her of his whereabouts because he did not intend to live with her any more. He then departed and his whereabouts have since been unknown to appellant.

It thus appears that appellant's return to this State was in good faith and not for the purpose only of obtaining a divorce here, as she had resided in this State for more than two years when the suit was brought.

While it was, of course, the duty of appellant to make the domicile of her husband that of herself, it was impossible for her to discharge that duty, so that desertion continued notwithstanding appellant's return to this State. Now the law is that desertion is not only a specific act but a continuing course of conduct, and once a desertion has occurred it continues until the parties reunite, so that while the desertion occurred in Texas it continued in Arkansas.

The statute of this State (section 2678, Kirby's Digest), imposes three requirements to obtain a divorce. The first is a residence in this State for one year next before the commencement of the action; and the third is that the cause of divorce occurred or existed within five years next before the commencement of the suit. The second requirement is "That the cause of divorce occurred or existed in this State, or, if out of the State, either that it was a legal cause of divorce in the State where it occurred or existed or that the plaintiff's residence was then in this State."

Desertion is not a cause of action as soon as it occurs, and does not become so until it has continued for the statutory period, whatever that may be. These periods vary in the different States. In Texas the period is three years; in this State one year. Had appellant re-

mained in Texas she could not have obtained a divorce until the period of three years had expired, because the statute of that State so provides. But while this separation occurred in Texas, it has existed in this State for the period of time which our statute provides shall be sufficient. It will be observed that our statute not only uses the verb "occurred" but that it also uses the verb "existed." Desertion is not at once a complete cause of action. It is an inchoate one, which ripens into a complete cause of action if it extends over or exists for the period of time prescribed by the statute.

In the case of *Poe* v. *Poe,* 125 Ark. 391, a divorce was sought upon the ground of desertion, but it was refused by the chancellor trying the case upon the ground that the desertion had occurred more than five years before the institution of the suit, whereas the statute provides that the cause of divorce must occur or exist within five years next before the commencement of the suit. In reversing the court below and in granting the divorce we there said:

"The theory of the chancellor advanced in support of his decision is that under the statute the desertion must exist for one year after its occurrence and that the suit must then be commenced within five years thereafter, but we are of the opinion that that is not the correct interpretation of the statute. Wilful desertion is a continuing offense and 'exists' within the meaning of the statute as long as the desertion continues. Some of the grounds for divorce enumerated in the statute may consist of single acts, such as adultery, and others, such as wilful desertion are continuing in their nature."

A well considered case which is very much in point is that of *Colburn* v. *Colburn,* 38 N. W. 607. There a resident of New York had been deserted by his wife in that State, and under the laws of New York desertion was not a ground for divorce. The plaintiff removed to Michigan, and admitted that he had done so because the laws of that State would enable him to obtain a divorce, although his removal there was for the purpose of making

it his permanent home. The Supreme Court of that State said that notwithstanding the fact that desertion was not a ground of divorce in the State where the desertion occurred it was a ground for divorce in Michigan and that anyone who became a resident of that State in good faith was entitled to the benefit of its laws just as any other resident would be, and that the plaintiff having resided in Michigan for the time prescribed by the statute and the desertion having continued during the plaintiff's residence in that State for a sufficient length of time to constitute a cause for divorce under the laws of Michigan the plaintiff was entitled to a divorce under the laws of that State; and the divorce was granted. The case goes further than we are required to go here, but its reasoning fully supports the proposition that desertion becomes a ground of divorce when it has continued in the State of the forum for the period of time required by the law of that State, although the desertion may have occurred in some other State whose laws required its continuance for a longer period of time than is required in the State in which the relief is asked.

Other cases supporting the view here expressed are *Perzel* v. *Perzel,* 91 Ky. 634; *Payson* v. *Payson,* 34 N. H. 519; *Wilcox* v. *Wilcox,* 10 Ind. 436; *Ashbaugh* v. *Ashbaugh,* 17 Ill. 476; *Tracey* v. *Tracey,* 48 Atl. 533; *Hare* v. *Hare,* 10 Tex. 555; *Koch* v. *Koch,* 80 Atl. 113.

It follows therefore that appellant had a legal ground for divorce under the laws of this State, and the decree of the court below will be reversed and the cause is remanded with directions to enter a decree for divorce in accordance with the prayer of the complaint.