CHARLES E. NEWLIN v. HARRIET B. NEWLIN.

November Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 12, 1920.

*Divorce—Desertion—When Cause for Divorce Accrues.*

1. Desertion is a continuing offence and as a cause for divorce is not complete until the end of three consecutive years from its inception.

2. Where the desertion had its inception while the parties resided in another state, and the three consecutive years ended when the libellant was a *bona fide* resident of Vermont, the cause for divorce accrued when the libellant was a resident of this State and the case was not within the provisions of G. L. 3561.

PETITION for divorce on the ground of desertion. The proceeding was uncontested. Trial at the June Term, 1919, Caledonia County, *Stanton*, J., presiding. After hearing, the Court dismissed the petition on the ground that the libellant had not been a resident of the State for the period of two years as provided by G. L. 3561. The libellant excepted. The opinion states the case.

*Searles & Graves* for the libellant.

TAYLOR, J. The libellant seeks a divorce on the ground of desertion. The parties were married in Indiana in 1884 and lived together there as husband and wife until 1913. The libellant bought a farm in Barnet, Vermont, in 1912, intending to live there; but the libellee refused to remove with him to Vermont. This farm was sold in 1913. About this time their differences reached a point where they ceased to cohabit, although they continued to live in the same house. The libellant was engaged in lecturing and kindred pursuits. In March, 1916, when he was about to go on an extended lecture tour, the libellant endeavored to have the libellee go with him, as his health was not good, but she refused. Thereupon the libellant went away

against the libellee's will and has not returned to live with her since. Later in the same month the libellant saw the libellee and tried to persuade her to live with him, but she refused. The claimed desertion dates from this interview. The libellant came to Vermont to reside in March, 1918, and has resided in Caledonia County since June 12, 1918. He has tried on various occasions to have the libellee come to Vermont to live with him, but she has absolutely refused to do so. The cause was heard at the June Term, 1919, of Caledonia county court. The court dismissed the libel solely on the ground that the libellant had not been a resident of the State for the period of two years, making no finding on the question of desertion. The libellant was allowed an exception based on the claim that the desertion accrued in this State in March, 1919, while he was a resident of Vermont.

The question presented requires a construction of G. L. 3561, which provides: ''A divorce shall not be decreed for a cause which accrued in another state or country before the parties lived together in this State as husband and wife, and while neither party was a resident of this State, unless the libellant has resided in this State at least two years and in the county where the libel is preferred at least six months preceding the term of court to which the libel is preferred.'' Other pertinent provisions are to be found in G. L. 3560, where it is provided that a divorce from the bond of matrimony may be decreed for wilful desertion for three consecutive years, and in G. L. 3563, which provides that a divorce shall not be granted for any cause, unless the libellant has resided in the State one year next preceding the filing of the libel in court. It will be seen that the necessary residence was shown unless the case comes within the provisions of G. L. 3561, and this depends upon when the cause for divorce accrued in contemplation of this section of the statutes.

[1, 2]  Desertion is a continuing offence and as a cause for divorce is not complete until the end of three full years from its inception. *Hemenway* v. *Hemenway,* 65 Vt. 623, 27 Atl. 609. It follows that the cause does not ''accrue'' until the end of the statutory period. *Koch* v. *Koch,* 79 N. J. Eq. 24, 80 Atl. 113. In the case at bar, though the desertion, if such it was, had its inception while the parties resided in another state, the cause for divorce accrued when the libellant was a *bona fide* resident of Vermont and had been for about a year. This being so, we

do not need to inquire whether the cause accrued in this State, for the two years' residence is required only when the cause accrued in another state and while neither party was a resident of this State. The manifest purpose of the statute is to extend the required time of residence to discourage the establishment of a residence here merely for the purpose of divorce proceedings. To accomplish this result the longer time is required when the act complained of has accrued out of the State and while neither party was a resident of the State, provided they had not previously lived together here as husband and wife. A cause for divorce which accrues out of the State is not within the provisions of this statute, if the parties have had a prior marital residence in the State, or if either party was a resident of the State when the cause accrued. It follows that the court erred in dismissing the libel on the ground selected.

*Decree reversed, and cause remanded.*