This is a suit by the wife for divorce on the ground of desertion.
The parties were married in New York during 1901, and have had four children born to them. They moved to the city of Ottawa, Canada, and resided together until January, *Page 452 
1914. Prior to that time they had been unhappy, and the petitioner testifies that she had been subjected to considerable cruelty at the hands of the defendant. Both being of the Jewish faith, the husband, in the month just mentioned, secured a rabbinical divorce from a priest of that religion, in the city of Buffalo, New York, and delivered a copy or certificate thereof to his wife by a messenger, in accordance with the Jewish custom. He thereupon took for himself most, if not all, the valuable property that he and his wife had accumulated, and went from America to the city of Amsterdam, Holland, and remained there until 1920. He has undertaken, in his own defense, to prove that he did not desert his wife, but went abroad upon business and was unable to return to his family because of the world war. Frankly, I do not believe him. Not only because of the unpleasant impression he created as a witness, but also because his excuse is too transparent and flimsy for credence. In short, it is clear that he has been guilty of willful and obstinate desertion for more than two years.
However, it is unfortunate that there is no jurisdiction in this court to decree the divorce that the wife seeks. The seventh section of the Divorce act of 1907 provided that, for the purpose of divorce, jurisdiction may be obtained when the defendant canont be served personally with process within this state:
"When at the time the cause of action arose, the petitioner was a bona fide resident of this state, and has continued so to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any other cause than adultery, unless the petitioner has been for two years next preceding the commencement of the action a bona fide
resident of this state. Comp. Stat. p. 2032.
The difficulty with the petitioner's situation is that the proofs disclose she did not take up her residence in the State of New Jersey until May, 1918, or more than four years after the desertion occurred. Vice-Chancellor Emery, in Koch v. Koch,79 N.J. Eq. 24, settled the interpretation of the above language for this court to be that the cause of action, while *Page 453 
it does not arise immediately upon the completion of the act of desertion, does arise just two years thereafter. Within that time a petitioner, under the circumstances of this case, must have been or become a resident of New Jersey in good faith. Consequently, the petitioner's cause of action under our statute "arose" in January, 1916, at which time, according to her own testimony, she was domiciled in, and a resident of, the State of New York, to which she had migrated after the defendant abandoned her and her children in Canada. Hence, she was not a "bona fide
resident of this state" at the time the cause of action arose, and the legislature has conferred upon this court no authority to grant the divorce she seeks.
Her counsel relies upon the pronouncement of the court of errors of appeals in Myles v. Myles, 77 N.J. Eq. 265. There the court had in mind, not the period within which a petitioner's residence must begin, but the very different matter of the continuity of the desertion, as is apparent from the language of its opinion in Gordon v. Gordon, 89 N.J. Eq. 535.
To meet this difficulty, counsel has undertaken to fix the date of desertion at a period later than the separation which occurred in Canada. The petitioner has testified that in May, 1920, she sought out the defendant in New York, after his return from Europe, for the purpose of effecting a reconciliation, and that he refused to talk to her. At the hearing, the date of the desertion alleged in the original petition as having occurred in January, 1914, was amended to May, 1920. From this it is contended that a desertion occurred upon that date. Gates v.Gates, 59 N.J. Eq. 100. It seems only necessary to say that not more than one desertion can have taken place without an intermediate reconciliation, and it is undisputed in this case that the parties never resumed marital cohabitation after the defendant deserted his family in 1914. But, it is said in the petitioner's behalf, there was, in fact, no desertion in 1914 at all, for the reason that the wife, either actually or constructively, acquiesced in the separation, because, under the rabbinical law, a "get" or divorce, or a certificate in proof thereof, cannot be secured by a husband *Page 454 
except with the consent of his consort. Such was not the proof. Jacob L. Andron, an expert witness, sworn in the petitioner's behalf, qualified as a man learned in the rabbinical law. He distinctly swore that under that system of jurisprudence there were two methods whereby divorce might be secured — first, the simple instance of a man and woman who present themselves by mutual agreement to effect a dissolution of the marriage ties; the other covers a case where the man desires to execute his ancient authority, familiar in the Bible, of putting away his wife. In that instance he can, upon convincing a rabbi of a sound reason for giving the woman her freedom, secure a "get." After the necessary formalities are concluded, the "get" is prepared and placed by the husband in the hands of a messenger, who is thus commissioned and instructed to transmit the same to the wife. The divorce is then complete. In this latter sort of divorce the desires of the wife are not consulted, and there is no consent upon her part necessary, either implied or otherwise. This was precisely the state of facts to which the petitioner herself testified. She deposed that at the place of business where she and her husband were established, his messenger appeared and left in her hands the instrument which, in the eyes of her faith, but not in our law, rendered her a free woman. The very fact that she swore in her petition that she was willfully and obstinately deserted in January, 1914, when her husband left her, disproved in the most convincing fashion the argument now advanced, that her husband did not obstinately desert her at that time.
It is undoubtedly true that she has been badly treated and should be separated in an appropriate jurisdiction from her husband, but the proof of the good faith of her residence was not robust, and, whether true or not, the legislature has not converted this court into an arena where anyone from any jurisdiction may litigate his matrimonial differences, unless he or she comes within the clear meaning of the statute in which the policy of the state is crystalized for these cases.
The petition should be dismissed. *Page 455