**Harold ORLANS, Appellant,**

v.

**Eva ORLANS et al., Appellees.**

No. 13426.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 11, 1956.

Decided Oct. 18, 1956.

Mr. Oliver Ellis Stone, Washington, D. C., with whom Mr. Joseph Rotwein, Washington, D. C., was on the brief, for appellant.

Mr. John Wattawa, Washington, D. C., for appellee Dr. Jacques Heyman.

No appearance was entered on behalf of appellees Orlans, Mykle, Gibson and Paul.

Before PRETTYMAN, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a civil action for divorce upon the ground of adultery. The husband was the plaintiff. The District Court dismissed for lack of jurisdiction. Appellee Heyman is one of the corespondents named in the complaint.

Plaintiff alleged he had been a resident of the District of Columbia for more than one year, and he alleged numerous acts of adultery by his wife, all of them committed outside the District. The District Court held that, where the alleged cause for divorce occurs outside the District, the plaintiff must allege residence in the District for two years.

 Section 401 of Title 16 of the District of Columbia Code provides as follows:

> "No decree of nullity of marriage or divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor, and no divorce shall be decreed in favor of any person who has not been a bona fide resident of said District for at least two years next before the application therefor for any cause which shall have occurred out of said District and prior to residence therein." [1]

The last clause in the foregoing is the critical one. Two years' residence is required when the cause for divorce occurred outside the District and prior to residence therein. The two requisites are joined by the conjunctive "and", indicating that both are necessary. Moreover the rationale of the statutory approach supports that construction. A legislature might reasonably require that, when people who already have a specific cause for divorce move into the jurisdiction, they should reside there a longer period than is otherwise required for a divorce for that specific cause. The longer period is a preventive to the advent of people merely seeking quickly to formalize divorces for which the bases have already been established. On the other hand it is difficult to find reason for the opposite construction, which would mean that, even where a complainant spouse has been for a year a bona fide resident of the District, if the erring spouse crosses the District line during that year for the commission of his derelictions, the innocent spouse must wait an extra year before being entitled to file an action in respect of those derelictions.

We think the District Court erred in its view that the statute requires two years' residence where the cause for divorce occurs outside the District even during a period when the complainant is a bona fide resident in the District. Its judgment must therefore be reversed.

Appellee Heyman also contends that plaintiff failed to allege with sufficient specificity the times and places of the alleged adulteries. We intimate no opinion upon that point or upon appellant's reply argument that appellee Heyman, being a defendant corespondent who appeared specially for the sole purpose of urging lack of jurisdiction, may not raise the point. The District Court dismissed for lack of jurisdiction. We hold it had jurisdiction. The other questions are for that court to decide upon its consideration of the action.

Reversed.