**Walter A. OATLEY, Appellant,**

v.

**May Rose OATLEY, Appellee.**

**No. 2547.**

Municipal Court of Appeals for the District of Columbia.

Argued April 11, 1960.

Decided June 15, 1960.

S. Jay McCathran, Jr., Washington, D. C., for appellant.

Arthur E. Neuman, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The parties were married in 1939 and have experienced considerable marital difficulties since then. As a result they have not lived together for a good part of their married life. The husband, appellant here, came to this jurisdiction and became a resident in May 1958. In June 1959 he sued for absolute divorce on two grounds, desertion and five years voluntary sepa-

2. District of Columbia v. Hamilton Nat. Bank, D.C.Mun.App.1950, 76 A.2d 60, 63.

3. See generally, 56 Am.Jur., Waiver, §§ 12, 15, 16 (1947).

ration.[1] He claims that the separation commenced in June 1954 and terminated in June 1959, and that the desertion commenced in July 1956 and terminated in July 1958.

 The court granted an oral motion to dismiss the complaint because the initial act of the parties in ceasing to cohabit with one another had occurred outside the District of Columbia and prior to residency herein; the court ruled that in this situation appellant was required to establish two years residency before he could maintain the action.[2] The question presented on this appeal is whether voluntary separation or desertion as a basis for divorce occurs, within the meaning of the statute, when the parties initially separate or when the time element required by the statute lapses.

The key phrase in the statute is that requiring two years residency before a divorce may be granted "for any cause which shall have occurred" out of this District. If given a literal meaning, a cause is the separate antecedent of an event, or that which produces an effect. In this sense the cause of separation or desertion can be construed as the physical act of one party leaving the other. But this is clearly not its meaning as used in the statute. Rather, it is there synonymous with the judicial concept of a suit or action in its entirety. The related event or resulting product is the right to maintain an action for divorce for one of the reasons enumerated elsewhere in the Code.

Thus, if the cause is the action itself or the right to maintain the action, it must next be determined when such cause has occurred, for if it happens subsequent to removal to this jurisdiction a plaintiff need show a residency of but one year. It is settled that these exclusionary provisions are in the conjunctive; that the cause must have occurred both outside the District *and* prior to residency herein before the longer period is effective. Orlans v. Orlans, 99 U.S.App.D.C. 170, 238 F.2d 31.

There is no difficulty in determining when a right of action based on adultery occurs. That act is specifically referable to a certain time and place. Unlike separation or desertion the physical act of adultery immediately gives rise to the cause or right of action; the cause is perfected in the very act. But separation and desertion are continuing acts; the cause—the *right of action—incident to them is not* perfected until the required period of time has elapsed. Until that has run no rights can be predicated on the mere physical act of one party leaving the other. Indeed, some event may stay the running of the time so that no right of action ever matures. The time requirement, then, is jurisdictional; no right of action can arise unless it, along with all the other elements of the action, is fulfilled.[3] To phrase it otherwise, for our purposes, no cause can occur until all the requirements are met.

This interpretation is borne out by the words of the court in Blandy v. Blandy, 20 App.D.C. 535, 538, where the very phrase in issue here was under consideration. The court there said:

"[T]hough the breach of the marital relation occurs when the one party separates from and wilfully abandons

1. Code 1951, § 16–403.

2. Code 1951, § 16–401. "No decree of nullity of marriage or divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor, and no divorce shall be decreed in favor of any person who has not been a bona fide resident of said District for at least two years next before the application therefor for any cause which shall have occurred out of said District and prior to residence therein."

3. Roberts v. Roberts, 95 U.S.App.D.C. 382, 222 F.2d 408; Dorsey v. Dorsey, 90 U.S.App.D.C. 284, 195 F.2d 567; Martin v. Martin, 82 U.S.App.D.C. 40, 160 F. 2d 20; Scott v. Scott, D.C.Mun.App., 140 A.2d 312; Shirley v. Shirley, D.C.Mun. App., 138 A.2d 392.

the other, \* \* \* yet the right to a divorce for the breach of such marital relation is not complete until the expiration of the period fixed by the statute."

We believe the right referred to there is the cause, or the right of action as we have characterized it; and that right is not complete, in the sense of having matured, or occurred, until the required time has expired.[4]

We must distinguish at this point the language of this court found in Heater v. Heater, D.C.Mun.App., 155 A.2d 523, and Jones v. Jones, D.C.Mun.App., 136 A.2d 580. In both those cases there appear statements to the effect that the cause of desertion having occurred outside this jurisdiction two years residency was required before plaintiffs could maintain an action for divorce. However, in both those cases plaintiffs actually had two years residency. Those statements were made there as a foundation upon which to discuss whether this residency constituted domicile within the meaning of the statute.

It would appear to the discerning reader that we there considered the cause to be the physical act instead of the right of action resulting from the act coupled with the lapse of time. But since these terms were not in issue in those cases, and were only mentioned in passing, we do not believe that our language there now forecloses us from considering their meaning in a case where the substantial rights of the parties hinge on their interpretation.

It is our conclusion that if appellant had established residency here prior to the lapse of time required to mature his right of action for voluntary separation or desertion, and maintained such a residence for one year prior to filing his complaint, then he is entitled to maintain his action for divorce based on either one of these grounds. However, as no testimony was adduced before the court dismissed the action, it is now incumbent upon appellant to convince the court by testimony that he was a bona fide resident of the District for at least one year next preceding the filing of his complaint.

Reversed for further proceedings not inconsistent with this opinion.

4. Mullenband v. Mullenband, 137 Ark. 505, 208 S.W. 801; Colburn v. Colburn, 70 Mich. 647, 38 N.W. 607; Koch v. Koch, 79 N.J.Eq. 24, 80 A. 113; Newlin v. Newlin, 94 Vt. 26, 108 A. 516.