·IDA MAY HAUENSTEIN, petitioner,

*v.*

HENRY C. HAUENSTEIN, defendant.

[Decided September 25th, 1923.]

If a husband drives his wife from his house, and if she is allowed to stay away for two years without solicitation to return and proper assurances of better treatment on his part, it is a constructive desertion by the husband for which the wife is entitled to a divorce.   .

On petition for divorce.   On final hearing on master's report and depositions *ex parte.*        ·

*Messrs. Homan & Buchanan,* for the petitioner.

·  WALKER, CHANCELLOR.

This is a suit for divorce for constructive desertion.  The parties were married December 6th, 1917, and lived together as husband and wife until May 28th, 1920, on which date the petitioner left the defendant in the following circumstances: The petitioner was preparing to visit a friend and invited her husband to accompany her.  He refused and accused her of associating with other men.  She denied it.  The result was a quarrel in which he told her to get out of the house and stay out, and if she did not get out he would throw her out.  She left.  He did not thereafter send for her and ask her to return to him or make any advances to her whatever.

His assertion that she associated with other men appears to be a cruel and unfounded imputation.  The defendant has not answered or endeavored in any way to substantiate the accusation.  It is not in and of itself an accusation of adultery.  *Bradbury* v. *Bradbury, 74 Atl. Rep. 150.*  This case is approvingly cited by the court of errors and appeals in *Carileer* v. *Carileer, 94 N. J. Eq. 160.*  A false charge ·

of adultery doubtless would be extreme cruelty. So thought Vice-Chancellor Van Fleet in *Black* v. *Black, 30 N. J. Eq. 215* (at *p. 221*) ; and I concur.

While the petitioner's leaving her husband is an actual desertion on her part, yet she may turn it into a constructive desertion against him. Constructive desertion is where an existing cohabitation is put an end to by the misconduct of one of the parties, provided such misconduct is itself a ground for divorce *a vinculo* or *a mensa. Danielly* v. *Danielly, 93 N. J. Eq. 556.*

In *Palmer* v. *Palmer, 22 N. J. Eq. 88,* Chancellor Zabriskie held that if a husband drives his wife from his house, if she be allowed to stay away for three years (now two) without solicitation to return and proper assurances of better treatment, it would be a desertion by him sufficient to warrant a divorce.