The original petition charged constructive desertion, the wife claiming that she was forced to leave her husband because of cruel conduct, consisting of calling her vile names and perverted sexual intercourse. The defendant counter-claimed, *Page 405 
charging adultery. Neither charge was sustained. The defendant was permitted to amend, charging desertion, and the petitioner amended her petition, charging extreme cruelty in that the husband falsely accused her of adultery. A second hearing was had.
It is established that the wife left her husband, and that she has resisted his reasonable efforts to have her return, and is guilty of desertion unless her charge of cruelty is proved. That her husband accused her of the crime I have no doubt. To accuse a wife of adultery is not extreme cruelty per se. The accusation must be false and maliciously or wantonly made, and must be visited upon her or come to her notice, causing anguish and pain. Vice-Chancellor Bentley, recently, in Hill v. Hill, 3 N.J.Adv. R. 240; 97 N.J. Eq. 237, reviewed some of the cases in this state. Though the accusation be untrue in fact, if made under stress of reasonable suspicion caused by the wife's conduct, it cannot be said to amount to extreme cruelty. The cruelty is tempered. Here the wife's flirtations aroused the husband's suspicion and ire, and the accusations followed. They do not appear to have come as a blow to her. Whether she regarded them as not undeserved, under the circumstances, or what not, they seem not to have given her much concern — so little, indeed, that they were not assigned in her original petition as a ground for her separation. They were neither the reason nor occasion for the separation, and, as a ground for divorce, appear to have been an afterthought, and resorted to to bolster up an otherwise weak cause.
Extreme cruelty is not made out, and a decree will go to the husband. *Page 406