MARGUERITE E. B. HART, petitioner-appellant,

*v.*

FRANCIS HART, defendant-respondent.

[Submitted October term, 1925.   Decided February 1st, 1926.]

A petitioner for divorce under *P. L. 1923 p. 494*, must not file the petition "until after six months from the date of the last act of cruelty complained of" was committed, but it is immaterial whether or not the parties continue to live under the same roof till a later date, the time of separation of the parties not being the essential starting point of the right of action under this statute, for as much as it expressly declares that the date on which the last act of cruelty complained of was committed shall be the time from which the six months shall commence to run.

On an appeal from a decree advised by Vice-Chancellor Church.

*Mr. William V. Azzoli,* for the appellant.

*Messrs. Pomerehne, Laible & Kautz* (*Mr. Harry Pomerehne,* on the brief), for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The petitioner filed her petition in the court of chancery alleging three grounds for absolute divorce from her husband, namely, desertion, adultery and cruelty. The two former causes were abandoned at the trial, though there was cogent testimony tending to establish adultery of the husband, but it appearing that the petitioner cohabited with him after having knowledge of his offense, this, as a matter of course, condoned the offense and precluded her from succeeding on that charge. The vice-chancellor held that there

was not sufficient convincing evidence that the petitioner was entitled to a divorce under the Blackwell act, and for that reason dismissed her petition, and hence this appeal. We think the vice-chancellor erred in refusing the petitioner a divorce on the ground of cruelty. This becomes apparent, not only from a review of the testimony in the case, but from the reasons which he gives underlying his refusal to grant the divorce. In disposing of the case, and, after stating that the desertion and adultery charges had apparently been abandoned, he says: "The question now is, whether or not the alleged cruelties come under the provision of the Blackwell act. If the wife left the husband on January the 14th, 1924, after the last act of cruelty, the proper six months has expired. If she left later, the case must fail. She alleged that they separated on January 14th, 1924; he says March 17th, 1924. The only corroboration is that of the landlord, who says that he saw the man going and coming from the house during February, he is positive of, and he thinks March, but he is not positive of it.

"There is not sufficient testimony to convince me that the petitioner is entitled to a divorce under the Blackwell act, and I deny the petition."

The vice-chancellor obviously erred in the construction he gave to the Blackwell act, which provides: "Divorce from the bond of matrimony may be decreed for extreme cruelty in either of the parties, whether the acts of cruelty were committed prior to or after the passage of this act; provided, that no petition for divorce shall be filed until after six months from the date of the last act of cruelty complained of."

It is to be observed that there is nothing in the act which precludes the offended party from obtaining a divorce because he or she may be living under the same roof; the only limitation that the statute imposes is that no petition for divorce shall be filed until after six months from the date of the last act of cruelty. The vice-chancellor proceeded upon the theory that the time of separation between husband and wife was the essential starting point from which the six months after the last act of cruelty must be calculated, which

view is in clear contradiction of the express language of the statute. The statute fixes the right of a petitioner to file a petition for divorce six months from the date of the last act of cruelty complained of. This manifestly for the benefit of the injured party. It is left entirely to the free determination of the injured party whether or not to submit a continuation of the domestic relation or to sever it. The right to a divorce, however, is complete and fixed at the time of the last act of cruelty.

From the testimony it appears that the last act of cruelty complained of was committed on January 14th, 1924, and the petition for divorce was filed on July 22d, 1924, six months and eight days thereafter. For the respondent it is further argued that the testimony on behalf of the petitioner is without corroboration, and fails to show that the husband was guilty of acts of extreme cruelty. Neither contention possesses any merit. The testimony of the petitioner, as to the cruel conduct of her husband, was corroborated in the main by her two sons, Francis and Raymond, aged fifteen and twelve years, respectively, each testifying that he saw his father, the defendant, have his hand upon his mother's throat and bump her head against the wall, and also by the petitioner's mother, who testified that she saw the black marks and scratches upon her daughter's throat. There was other testimony in the cause tending to show that the conduct of the defendant toward his wife was brutish and indecent.

The decree of the court of chancery dismissing the petitioner's petition is reversed, with the direction that a decree be made divorcing the petitioner from her husband, pursuant to the statute in such case made and provided.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.