The petition in this cause alleges the marriage of the parties and residence of the petitioner, and avers that they cohabited after their marriage until on or about the 14th day of November, 1924, "when said defendant deserted her * * * ever since which time and for more than two years last past said defendant has willfully, continuedly and obstinately deserted the petitioner." This averment of desertion is in the statutory language, and charged an actual desertion of the petitioner by the defendant; and which will also hereafter appear. The defendant defaulted in pleading and the cause was referred to a special master, who has reported that he is of opinion that all the material facts charged in the petition are true, as appears by the testimony annexed to his report, and that a decree of divorce should be made, for the cause of desertion, pursuant to the prayer of the petition.
The petitioner testified before the master that "on November 14th, 1924, my husband drove my son and I out of our said house and I went to live with my brother and his wife * * *. I have not lived with nor had sexual intercourse with my husband since November 14th, 1924." She also told of her husband striking her over the smallest matters, having previously struck her in the face, c. The son of the petitioner by a former marriage, Paul Martucci, testified that he was living with the parties when, on November 14th, 1924, petitioner's husband ordered his mother and him out of the home and they went to live with his mother's brother. There was other corroboration.
Now, this was a constructive, and not an actual, desertion. In19 C.J. 57, it is stated that where the offense is described by statute as "willful and obstinate desertion," it is not only essential that the party complained of left voluntarily and against the will of the complainant, but that she remained away when it was her duty to return. Tested by this rule *Page 32 
the desertion in this case was not of the character pleaded, but was a constructive, as contradistinguished from an actual, desertion by the defendant.
There are three essentially requisite things in a divorce suit necessary to be properly proved — first, marriage; second, residence, and third, cause of action. Bolmer v. Edsall,90 N.J. Eq. 299, 305. And the third must be pleaded as well as proved in all cases in which the husband is not the actual physical deserter. Metzler v. Metzler, infra.
In Csanyi v. Csanyi, 93 N.J. Eq. 11, I held that a constructive desertion is one where an existing cohabitation of the parties is put an end to by misconduct of one of them, provided such misconduct is itself a ground of divorce a vinculoor a mensa, and it is not a necessary ingredient in constructive desertion that the husband shall entertain, in connection with his acts of cruelty, any settled purpose to drive his wife from him; it is enough if such is the natural consequence of his acts. See, also, Danielly v. Danielly, 93 N.J. Eq. 556, wherein I also defined constructive desertion in the same terms. But in the instant case the husband actually drove the wife away.
In McVickar v. McVickar, 46 N.J. Eq. 490, Vice-Chancellor Pitney says (at p. 492): "That the cruel treatment of a wife by a husband will amount to desertion on his part is well settled in this state, quoting Chancellor Zabriskie in Starkey v.Starkey, 21 N.J. Eq. 136, wherein the latter says that in all cases where a husband `either actually drives his wife from himself and his house, or by his cruel and abusive treatment compels her to leave it for safety or comfort, it is an abandonment and separation by him.'" And he quotes Vice-Chancellor Van Fleet in Skean v. Skean, 33 N.J. Eq. 150,151, as saying: "That the husband may drive his wife away, or he may treat her so brutally as to compel her to flee for safety, or his conduct may be so cruel and malignant as to show that he means to force her away; that if a wife, for either of these causes, separates herself from her husband * * * he, in the eye of the law, is the deserter and she has a right to ask for a dissolution of the marriage tie. *Page 33 
Now, judged by these tests this wife has a right to sue for divorce, charging defendant with being the deserter, although she actually left the house — driven away by him, if you please.
And these judges put actually driving the wife out in the same category as conduct constraining her to go. I have no quarrel with the doctrine that in such circumstances the husband is in theory and contemplation of law the deserter, but I say that he is not the actual deserter, that is, leaver, of the matrimonial abode; in other words, he does not "physically" desert. He compels the wife to do that. In such circumstances he is guilty of constructive desertion. Constructive is rather paradoxical to be sure, the statement is apparently not rue, but actually so.
If anything were wanting to prove the soundness of this assertion it was uttered by Chancellor Pitney in Metzler v.Metzler, 69 Atl. Rep. 965, wherein he said: "The petition charges in the simplest form that the defendant deserted the petitioner on the date above mentioned. To the common understanding this averment means that he physically abandoned her. The case made by the proofs and found by the master is that on the date referred to the petitioner left the defendant because of his long-continued cruel treatment of her. A case of constructice desertion on the part of the husband is fairly made out; but in my view it is a different case from that averred in the petition. Section 7 of the act of 1902 (P.L. p. 504), like section 10 of the present act (P.L. 1907 p. 478), required that the petition should `plainly and fully' state the cause or `causes of the application for such divorce.' In my opinion service of a copy of the petition herein upon the defendant did not plainly and fully convey notice to the defendant that he was called upon to answer a case of constructive desertion, and he was justified in supposing that his wife could not support with proofs the case she averred in her petition. The Divorce act admits of simple pleadings, but the petition should, I think, be couched in such phrase as to convey to a person of ordinary comprehension the accusation upon which the prayer for *Page 34 
divorce is based. Smithkin v. Smithkin, 62 N.J. Eq. 161, 163;49 Atl. Rep. 815, indicates the proper form of pleading where constructive desertion is to be relied upon. That case was followed by Foote v. Foote (N.J. Ch.), 61 Atl. Rep. 90,93. The reversal of the decree in the latter case (65 Atl. Rep. 205) did not overthrow the decision of this court with respect to the proper mode of pleading a constructive desertion, for it proceeded on the ground that the case was one of actual, not of constructive, desertion."
In Smithkin v. Smithkin, cited by Chancellor Pitney, Vice-Chancellor Reed said that he was of opinion that when a divorce is asked for on the ground of desertion arising from the compelled absence of the petitioner by reason of the extreme cruelty of the respondent, the facts should be so charged in the petition; that the issue to be tried in such case would be the fact and the degree of the respondent's cruelty, and the husband is entitled to be informed of the issue to be tried and to answer the acts charged; that the case of an ordinary desertion, and one such as we are considering, radically differ; that the proof offered in support of each differs; the proof offered in support of the former would often refute the existence of the latter. And in Foote v. Foote, in this court, 61 Atl. Rep. 90, 93,
Vice-Chancellor Stevenson said that if there was any view of the evidence in the case (Foote v. Foote) which would support a charge of constructive desertion no such charge was set forth in the bill. And after discussing Smithkin v. Smithkin, supra, he said that the views expressed in the Foote Case applied with equal force to every form of constructive desertion; that the principle laid down is that the facts which are to be deemed as causing the "compelled absence" of the petitioner must be set forth so as to constitute the charge which the defendant is to meet.
It has come to pass that whenever a petitioner charges the defendant with deserting by reason of facts which forced or otherwise constrained her to leave him, those facts must be pleaded that the defendant may know exactly what he has to meet. If a defendant who drove his wife from him, either *Page 35 
by telling her to leave and putting his words into effect by closing the door upon her, or simply telling her so, coupled with conduct which indicated his intention to put a stop to their cohabitation, or has been guilty of such extreme cruelty as has constrained her to leave him, for her own health and safety, within the meaning of our cases, then, and in every such case, as held by Chancellor Pitney, the petition must plainly and fully convey notice to the defendant that he is called upon to answer a case of constructive desertion, and that if the petition is cast in the usual statutory form, the defendant is justified in supposing that the petitioner cannot support with proofs the case averred therein.
Mr. Biddle in his work gives a form of a petition by a wife forconstructive desertion, and says: "Mention briefly the particular acts, proof of which is to be offered to show the wife's justification in ending the cohabitation, arranging the same in chronological order as far as possibile, and ending as follows: The defendant by the true intent and meaning of the statute in such case made and provided, has, ever since the (date of wife's leaving) and for more than two years last past, willfully, continuedly and obstinately deserted your petitioner."Biddle's N.J. Div. Prac. (2d ed.) 189, 190. And in the recent case of Hauenstein v. Hauenstein, 95 N.J. Eq. 34, I held that if a husband drives his wife from his house, and if she is allowed to stay away for two years without solicitation to return and proper assurance of better treatment on his part, it is a constructive desertion by the husband for which the wife is entitled to a divorce.
There is in this state a line of cases which holds that the husband is the deserter, even though the wife leaves the matrimonial abode, if the separation is due to conduct on his part calculated to bring it about. Illustrative of this doctrine is McPherson v. McPherson, 135 Atl. Rep. 91, among other cases. Of course the husband must be the deserter for his wife to obtain a divorce from him for that cause. These cases properly hold that the husband is the deserter. He is in law, but the thing they do not assert is, that the desertion is constructive
and must be so pleaded. This is the doctrine of the HauensteinCase. *Page 36 
It will be observed that Chancellor Zabriskie, in the StarkeyCase, puts the driving of a wife from the house or
compelling her to leave by reason of cruel treatment, on thesame footing. And Vice-Chancellor Van Fleet in the Skean Case
says the driving of a wife away or treatment so cruel as to compel her to flee for safety, or conduct so cruel and malignant as to show that he means to force her away, in the eye of the law makes the husband the deserter. Of course he is; but it is constructive instead of actual desertion on his part, as was said by Chancellor Pitney in the later Metzler Case, wherein he adverted to the Smithkin Case as indicating the proper form of pleading where constructive desertion is relied upon; and in the Metzler Case, which in his opinion fell within the latter doctrine, he observed that the petitioner charged in the simplest form that defendant deserted her, and that to the common understanding that averment meant that he physically abandoned her; that the case made by the proofs showed that the petitioner left the defendant because of his long-continued cruel treatment of her. It was clearly Chancellor Pitney's opinion that anything short of the actual physical abandonment of a wife by a husband was not actual desertion by him which might be pleaded in the statutory language; but that where the wife was constrained to leave the husband by virtue of his conduct, she could turn it into a desertion on his part, but was obliged to charge the facts which made it a constructive desertion by him of her. And this is my opinion. I think the cases bear it out.
The result reached is that the desertion in this case is a constructive, while it is charged as an actual, one. The defendant has chosen to remain absent. The court cannot say but that he would have appeared and contested the action if he were served with a petition for divorce which charged the facts that compelled the wife to leave, as stated by her in her testimony before the reference master. Of course, the facts, and not the evidence whereby they are susceptible of proof, should be charged. This is the common law rule of pleading, and has been followed by declaratory rule 44 of this court. The ratiodecidenci of all this is, that every *Page 37 
desertion which is not physical and actual by the defendant, isconstructive.
The petitioner may amend her petition in the respects aforesaid, and then take an order reciting the making of the master's report, filing of the amended petition, and requiring the defendant to show cause why she should not have a decree against him for constructive desertion on the master's report and evidence thereto annexed, as permitted in the Metzler Case,ubi supra.
All cases in this court (and I am unaware of any in our court of errors and appeals which constrain me) so far as inconsistent with the doctrine of constructive desertion as herein laid down, are overruled.
Order for amendment and further proceedings herein as above indicated.