This is a suit brought on the ground of extreme cruelty under the 1923 supplement to the Divorce act. P.L. 1923 p. 494.
The petition was filed July 26th, 1927.
The acts of cruelty complained of in said petition took place six months prior to the date of the filing of the petition.
The defendant filed an answer on September 21st, 1927.
The parties cohabited together from June, 1920, and up until January 10th, 1927, at which time the petitioner ceased cohabitation with the defendant because of defendant's extreme cruelty. Owing to the fact that petitioner had no means of her own and was wholly dependent upon defendant for support, she remained in the same house with *Page 171 
the defendant up and until August 2d 1927, since which date the parties have lived separate and apart.
It is abundantly established that there was considerable discord in the family life from the year 1924 and up and until the petitioner ceased cohabitation with the defendant on January 10th, 1927.
The husband's ill-temper spent itself in a number of acts of extreme cruelty according to his wife, which caused her extreme pain, both physically and mentally. The defendant exhibited contempt for the petitioner and accused her of infidelity in the presence of witnesses and showed indifference and utter disregard for the feelings of the petitioner. On various occasions the defendant without provocation picked quarrels with the petitioner, swore at her, and called her vile and contemptible names. In October and December, 1926, defendant, in the presence of friends of both parties, made accusations against the petitioner to the effect that she had been untrue to her marriage vows. As a result of these unjust accusations, petitioner suffered from mental pain and experienced a nervous breakdown.
Petitioner testified in conisderable detail as to the extreme cruel tratment and as to the physical injury inflicted upon her on several occasions, and as to the fact that he had called her prostitute and told her to "get the hell out of the house."
The defendant denies the assaults, but admits that he had accused his wife of not being true to him and that she had broken her marriage vows. He offers no credible testimony as to his justification for these accusations.
The petitioner is corroborated in her testimony by various witnesses as to certain of the acts of extreme cruelty and as to her rundown physical and mental condition.
I am satisfied that their testimony is worthy of belief.
It was claimed that all the acts of cruelty on his part testified to were condoned. The only testimony indicating any such condonation was that of the defendant, and his statements are not convincing.
I will advise a decree for divorce for the petitioner. SeeHauenstein v. Hauenstein, 95 N.J. Eq. 34; 122 Atl. Rep. *Page 172 241; Hill v. Hill, 97 N.J. Eq. 237; 127 Atl. Rep. 584; Wines
v. Wines, 97 N.J. Eq. 55; 127 Atl. Rep. 28; Coe v. Coe,97 N.J. Eq. 59; 127 Atl. Rep. 39; Foote v. Foote, 71 N.J. Eq. 273;65 Atl. Rep. 205; Cavileer v. Cavileer, 94 N.J. Eq. 160;119 Atl. Rep. 101.