20 N.J. Super. 503 (1952)
90 A.2d 519
ETHEL COHEN, PLAINTIFF-RESPONDENT,
v.
LOUIS S. COHEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 7, 1952.
Decided July 14, 1952.
*504 Before Judges JAYNE, COLIE and GRIMSHAW.
Mr. Mendon Morrill argued the cause for appellant (Mr. Theodore D. Rosenberg, attorney; Messrs. Cole, Morrill & Nadell, of counsel).
Mr. Louis C. Jacobson argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
The question of paramount interest in the consideration of the present appeal is whether a judgment nisi entered in a divorce action in which the complaint alleges simple desertion can, on appeal, be sustained on the attribution of a constructive desertion.
*505 The situation may be succinctly stated. The parties were married on December 23, 1928. Two children were born of the marriage. In August, 1935, the plaintiff-wife departed from the home taking her two children with her. The following month she instituted in the Court of Chancery a suit against her husband, the defendant here, for a decree of divorce on the ground of extreme cruelty. The suit was tried and resulted in a decree of dismissal on January 22, 1937. The parties have never resumed cohabitation since the departure of the plaintiff in 1935.
The present action was instituted in 1950 in this court, in which the plaintiff alleges that "Louis S. Cohen, the defendant, deserted the plaintiff in the month of April 1938. Ever since which time, and for more than two years last past, he has willfully, continuously and obstinately deserted her." No facts whatever are pleaded which would establish a constructive desertion.
The following quotation taken from the opinion of the advisory master accurately summarizes the testimony introduced on behalf of the plaintiff:
"During 1938 the plaintiff was living with her children at the home of her mother. At that time the mother was suffering with diabetes and was in extreme pain. This was disturbing to the children and prevented them from getting their needed rest. As a result of this, the plaintiff again asked the defendant to take her and the children back into his home and he ejected the children and the plaintiff from his home. Because of the conduct of the defendant and in order to give them their required rest, the plaintiff was required to put the children into an orphanage in Paterson where they remained until 1943. After that time the children returned to live with the plaintiff. This is substantially the testimony of the plaintiff.
The plaintiff was corroborated as to her desire to return to the defendant by the two children of the marriage, who testified to being present when the plaintiff asked the defendant to take her and the children back and the defendant refused."
One of the children who was born in 1930 supplied at the hearing in July, 1951, the following account of the occurrence in April, 1938, upon which the cause of action is primarily based:
*506 "Q. Will you tell the judge what your best recollection is as to what occurred that night? A. Well, we had walked into the hall of the Carroll Street address.
Q. By `we' you mean you, your mother and your sister? A. I, my mother and my sister. I remember my mother knocked on the door or something of that order; anyway my mother said something to the order of `Please let us stay here, we want to be back, we want to live together, the children are sick; and I remember he grabbed her, I don't remember by the arms or some place; there was an ice box in the hall, and I was standing more or less facing the door and was looking in at him, this way (indicating), and he picked up an empty milk bottle as much as to throw it at my mother, which caused my sister and me to run out of his home and go to my grandmother's house."
The plaintiff testified:
"Q. What did he say? A. He told me to get out. I told him what our condition was, and he took the three of us bodily and threw us out."
It is not evident in this case that the wife was justified in leaving her husband in 1935 on account of his cruelty which would render the separation chargeable to the husband. It must be conceded that in the present case the plaintiff in her complaint charged simple desertion beginning in April, 1938, and the testimony tended only to prove a constructive desertion. No amendment of the complaint was requested or made.
Accordingly we observe in the light of the existing circumstances that the question to which reference is made at the beginning of this opinion is not one remaining unanswered in our precedential decisions. It was addressed to Chancellor Walker in the Court of Chancery in Succhierelli v. Succhierelli, 101 N.J. Eq. 30 (Ch. 1927), who replied that to entitle a petitioner to a decree for constructive desertion, the petition must plainly and fully convey notice to the defendant that he is called upon to answer a case of constructive desertion and not one of simple desertion alleged in the usual statutory form. True, that decision was rendered in an uncontested case and before the reorganization of *507 our courts and the accompanying promulgation of our new rules of practice and procedure.
But the same subject has received the attention of our present Supreme Court in a contested case entitled Brown v. Brown, 2 N.J. 252 (1949), with the comment that
"Liberal as our new rules are for the promotion of substantial justice, they still require that a defendant be fairly apprised of the claim he is called upon to meet. For example, Rule 3:8-1 requires a statement of the facts on which the claim is based. Other examples may be found in Rule 3:9 respecting the pleading of special matters, noticeably in Rule 3:9-3."
Evidently liberality has not yet been judicially expanded to permit a litigant to plead and try his case upon one theory and to advance another theory beyond the allegations of the complaint to sustain it upon appeal.
The judgment nisi is accordingly reversed and the cause remanded to the end that an order may be entered permitting an amendment of the complaint in the aforementioned respects and affording the defendant an opportunity to answer the complaint as amended and to show cause why a judgment nisi in favor of the plaintiff should not be granted for constructive desertion upon the evidence already adduced and upon such additional evidence as either party may desire to introduce.
No costs on this appeal.