Palmer *v.* Palmer.

---

### PALMER *vs.* PALMER.

1. If a husband drives his wife from his house, or uses personal violence or brutal treatment towards her, such as to indicate an intention to drive her away, or to render it unsafe to live with him, the leaving his house for these reasons is a desertion by the husband; and if she be allowed to stay away for three years, without solicitation to return and proper assurances of better treatment, it would be a desertion by him sufficient to warrant a divorce.

2. A willful and malicious refusal by a husband to permit a wife, who is discharging her own duties, to share with him such means of support as he may have, may be held to be an expulsion from his home, and constitute a desertion.

3. A failure to provide a sufficient support, or even any support for the wife, does not constitute a desertion by the husband.

4. A divorce is never granted when the only proof of the ground of divorce is the testimony of the complainant.

Palmer *v.* Palmer.

This cause was submitted on the bill and ex parte proofs, and report of the special master.

*Mr. M. B. Taylor,* for complainant.

THE CHANCELLOR.

The bill is filed for a divorce on account of desertion for three years. The defendant is a lawyer, practicing in New York, and has never, so far as appears, resided in New Jersey. The parties were married in the city of Philadelphia, where they resided for the three years next succeeding their marriage; the complainant then left her husband because he did not provide any home for her, and resided two years with her father at Camden. Then they went to New York, where they lived together for three years. At the end of that period, in October, 1867, she left her husband and went to reside with her father in Camden, where she continued to reside until the filing of the bill, December 12th, 1867, and still continues to reside. The reason for her leaving him is given in her testimony in these words: " I came home to my father at that time because it was necessary for my support; my husband had ceased to take care of me, and I could not remain in New York without becoming absolutely destitute. My husband had a law office in New York, and professed to practice law there; we were boarding; during the last year he did nothing at all for me ; I lived with him as long as I could, getting money from other sources as I could, until I could no longer pay my board or maintain myself, when I was obliged to come to my father for support, with whom I have lived ever since."

This is the only evidence upon this subject, for although the two other witnesses have sworn to the same facts, yet I cannot avoid the conclusion that they know this only by hearsay, and not of their own personal knowledge. I regret that the counsel and master have both seen fit to disregard the directions of the 159th rule, to take down the testimony in such manner that it might appear whether the facts

sworn to are within the personal knowledge of the witnesses or not. I am left to inference, but I am confident that my inference is correct. As the whole claim that she was deserted by the defendant depends upon these facts, the suit must fail, for it is a settled principle in causes of divorce, never to grant a divorce where the only proof of the ground of divorce is the testimony of the complainant. *Woodworth* v. *Woodworth*, 6 *C. E. Green* 251; *Reid* v. *Reid, Ibid.* 331; *Cummins* v. *Cummins*, 2 *McCarter* 142.

But were the proof sufficient, and the facts sworn to by the complainant established by the oath of more witnesses, I am of opinion that they do not show a desertion of the complainant by the defendant. The fact is plain that she deserted him. She left him and went to her father, because he did not support her. There is no rule that makes want of sufficient support by a husband, or total want of support, a desertion of his wife. It is no cause for divorce, and this court cannot, by construction, convert it into a ground of divorce by calling it desertion. In most marriages, the husband at the time has no property, and in very many he is not able to maintain his wife at all without her aiding, to some extent, by her exertions. If he should become blind, paralyzed, insane, or in any way disabled in body, he would be unable to support his wife, and the marriage would be dissolved at her option; and where he is unable to furnish her support through incapacity for business, indolence, or intemperance, it has never been held in this state a cause for divorce, or sufficient to convert a desertion by a wife, on that account, into a willful and obstinate desertion by her husband. By marriage, a wife agrees to share the fortunes of her husband, in poverty and sickness, as well as in affluence and health. She may be obliged to aid in her own support and be bound to adhere to him. And she is not, because he is poor and her lot uncomfortable, entitled to leave him and betake herself to the luxuries of the home of her father. Much less can this convert her unwarranted leaving her husband into a desertion by him. *Laing* v. *Laing*, 6 *C. E. Green* 248.

If a husband drives his wife from his house, or uses personal violence or brutal treatment towards her, such as to indicate an intention to drive her away, or to render it unsafe to live with him, the leaving his house for these reasons is a desertion by the husband, and if she be allowed to stay away for three years, without solicitation to return and proper assurances of better treatment, would be a desertion by him sufficient to warrant a divorce.

There may be cases, no doubt, where a willful and malicious refusal by a husband to permit a wife, who is discharging her own duties, to share with him such means of support as he may have, may be held to be an expulsion from his house and constitute a desertion. But the meagre disclosure of facts and circumstances in this case falls very far short of warranting such conclusion here.

The bill must be dismissed.