Sandford *v.* Sandford.

ELIZABETH SANDFORD

*v.*

ANDREW J. SANDFORD.

1. That a husband gambles and does not properly support his wife, in consequence of which she leaves him, does not constitute desertion by him on which to decree a divorce.

2. A divorce will not be granted on the uncorroborated testimony of the petitioner.

Sandford *v.* Sandford.

Petition for divorce on the ground of desertion.

THE CHANCELLOR.

The petitioner seeks a divorce from her husband on the ground of desertion. The petition was filed September 6th, 1879, and the desertion is alleged in the petition to have taken place on the 1st day of August, 1876. There is no evidence of desertion except that which the petitioner herself gives by her own testimony. Her statement on the subject is, that in July (the last of July) her situation became intolerable (it would seem from her previous testimony, because of her husband's propensity to gambling, and his failure to provide her with proper support); that he had professed to reform; had rejoined the church and made great professions, and seemed to be doing better; that though they had gone into apartments, kept no servant, and were living with the utmost economy, nevertheless seventy-five dollars were due for rent, and there was, besides, money due to the washerwoman and the butcher; that just then he (he was a lawyer) received twenty-five dollars which he had earned; that she saw it paid to him; that he was gone all the following night, and the next morning admitted to her that he had lost the money in a New York gambling-house; that she reproached him with his hypocrisy and ill behavior, and, as she says, then becoming utterly hopeless of support or good treatment, she left him a few days afterwards, on the 2d of August, 1876. She adds, that he had told her that if she was not pleased, she could leave him and go home to her parents, and mind her own business. In addition to this evidence there is proof that he said, after she left him, that he was glad she was gone; that he hoped she would stay away; that she had been a great hindrance to him; that he would have liked to have had their child, but was glad he was free of his wife.

The charge of desertion is not established. It is a recognized principle that when a husband treats his wife with such cruelty or violence that she is obliged to leave him for

safety, or to avoid personal injury, this compulsory flight amounts to a desertion by him, and if he does not seek her and try to persuade her to return, with promises of amendment, such compulsory leaving and consequent remaining away from him, if continued for the requisite time, will be regarded as equivalent to a willful and obstinate desertion by him. *Laing* v. *Laing, 6 C. E. Gr. 248; Palmer* v. *Palmer, 7 C. E. Gr. 88.* But if she leaves him, as in this case, because he gambles away his money and does not properly support her, her leaving him cannot be held to be a desertion by him. *Laing* v. *Laing; Palmer* v. *Palmer, ubi supra; Lewis* v. *Lewis, 2 Hal. Ch. 22.*

Again, the proof of the alleged desertion rests, as before stated, entirely on the petitioner's own testimony, and it is an established rule that a divorce will not be granted where the only proof of the ground of divorce is the uncorroborated testimony of the complainant.

The petition will be dismissed.