Bourquin v. Bourquin.

KATE C. BOURQUIN.

*v.*

GORDON M. BOURQUIN.

Proof that a husband and wife have lived separate, and that the husband has not supported his wife, does not establish willful, continued and obstinate desertion, so as to authorize a divorce.

Bill for divorce.

THE CHANCELLOR.

This case comes before the court *ex parte.* The bill alleges
that the defendant willfully deserted the complainant in July,
1875, and that such desertion has been obstinately continued
ever since. The complainant swears that she and her husband
boarded together at 55 Sands street, in Brooklyn, on the 12th
of June, 1875, and that he then left her, but that she remained
there till the 8th of December following. She says he left her
without any support, but, in the next sentence, says that he paid
her board up to the 8th of December, though he did not live
with her from the 12th of June. She says she returned from
Brooklyn to her father's house, in Camden, at her husband's
solicitation, on the 8th of December; that he said that if she
returned to Brooklyn, he would pay her board and all her ex-
penses; that she returned to Brooklyn, and went to board at
193 Prince street; that he came to see the lady of the house, a
few days after she got there, about making arrangements to pay
her board; that he never came to live with her there, and did
not pay her board. Again, she says that in July, 1876, he
ceased to support her; that she again left Brooklyn, on the 8th
of September, 1876, and returned to Camden, and that she has
received no support from him since the 12th of July, 1876. She
further says that she has not seen him since September, 1876,
and yet, in a former part of her testimony, she seems to testify
that she has seen him twice in the street in Brooklyn. In this
connection, it may be remarked that her sister says that the com-
plainant has supported herself since she returned home in Sep-
tember, 1876, and adds that she has seen the complainant and
defendant together, presumably since that date. Albert Hughes
testifies that the defendant left the complainant in the early part
of June, 1875, and adds that he does not know that they lived
together after that. He subsequently, indeed, says positively
that he knows that the defendant has never returned to the com-
plainant, and does not now live with her; but how he has
obtained his knowledge on the subject does not appear. In all
this testimony there is no proof of desertion. The proof is that
the parties have lived separate, and that the defendant has not

supported his wife since September, 1876. That is not enough. To entitle the complainant to a divorce on the ground of desertion, it must appear that the defendant had willfully, continuously and obstinately deserted his wife for three years before this suit was begun.

The bill will be dismissed.