ETTIE CORSON

*v.*

CHARLES CORSON.

[Decided July 3d, 1905.]

1. Petitioner and defendant were married, and lived together in a hotel for two or three days, when they separated, and she went to her own home and he to his former residence. The evidence justified the conclusion that the separation was voluntary, and that they had not made a provision for or expected to establish a matrimonial abode.

Afterward petitioner met defendant and demanded that he should support her or make a home for her.—*Held*, that, in the absence of proof of his ability, his refusal would not establish willful desertion.

2. At the demand for support, the defendant uttered threats and did acts of violence toward petitioner.—*Held*, that his misconduct in this respect did not make out willful desertion.

On bill for divorce.

*Mr. Joseph Beck Tyler*, for the complainant.

MAGIE, CHANCELLOR.

This is an undefended divorce case, and the master to whom it was referred has found that the proofs establish a willful, continued and obstinate desertion of the complainant by the defendant.

I find myself unable to discover sufficient proof to that effect.

This is a case of the hasty marriage .of a mere child, who admits that she misrepresented her age to the clergyman who performed the ceremony. It seems manifest that there was no provision for or expectation of establishing a marital home. She and the husband thus acquired went to a hotel for two or three days and then separated, she going to her own home and he to his former residence. She states that thereafter they met at times at the same hotel, but such meetings soon ceased. Upon this evidence, and there is no other, the inference is that the separation was voluntary.

Was this separation turned into desertion by the proofs? If so, it is by the evidence of complainant and her brother as to what occurred when she met her husband in a public street in the month of June, 1888. Both agree that the complainant then demanded of her husband whether he would support her or make a home for her. While she did not expressly demand a return of the marital relation, such a demand was, perhaps, implied, and, if so, a refusal would be indicative of an intent to desert if the husband was able to do what he was requested to do. Of this there is absolutely no proof.

Complainant's solicitor, who has been heard as to the confirmation of the master's report, insists that the violence and

threats of the husband on that occasion operate to establish a constructive desertion, but complainant was not then living with defendant. If she had been, his violence and threats might have justified her in leaving him, and the inference of a desertion by him. But the parties were then living apart, and complainant was not driven from her marital home or excluded therefrom.

Violence and threats may characterize the defendant's conduct if, when he made them, he was able to provide for a resumption of the marital relation and make a home for his wife, of which no proof is made.

The result is that the report cannot be confirmed, and the bill must be dismissed.