CHARLES P. DANIELLY, petitioner,

*v.*

ALVADA A. DANIELLY, defendant.

[Decided July 18th, 1922.]

1. Desertion, as ground for divorce in this state, is of two kinds, actual and constructive; actual desertion must be (1) willful—that is, intended by the deserter; (2) obstinate—that is, persisted in against the will of the deserted, and (3) continued—that is, without interruption for the statutory period; constructive desertion is where an existing cohabitation is put an end to by misconduct of one of the parties, provided such misconduct is itself a ground for divorce *a vinculo* or *a mensa*.

2. Where a spouse afflicted with a venereal disease, having reason to know it, communicates it to the other, the offender is guilty of extreme cruelty; and the offending party's knowledge of the condition and danger of infection will be presumed; medical science indicates that it is highly improbable that such disease may be contracted except by sexual intercourse with an afflicted person.

3. Where a wife contracts gonorrhea and communicates that disease to her husband, as a result of which they quarrel and separate, the wife leaving the husband without protest on his part, no duty rests on him to invite her to return, the desertion being constructively hers; and

4. In constructive desertion it is the duty of the offending party to endeavor to terminate the separation by manifesting reformation and applying for restoration of marital relationship, giving reasonable assurance of sincerity and probable safety of the injured party in resuming cohabitation.

---

On final hearing on master's report and depositions *ex parte.*

*Mr. Frank C. Propert,* for the petitioner.

WALKER, CHANCELLOR.

The petition in this cause is one for constructive desertion. It avers that the parties, petitioner and defendant, cohabited together for three months from the date of their marriage, September 17th, 1917; that in or about October, defendant went to Boston, Massachusetts, on a visit, remaining there about ten days, and on her return was afflicted with a venereal disease and communicated the same to the petitioner, so that his health was menaced and he suffered extreme pain, anguish, &c. Petitioner complained to defendant, quarrels ensued, and, as a result, the defendant on or about December 22d, 1917, left the home of the petitioner, without protest on his part, and did not return; that by the true intent and meaning of the statute the defendant for more than two years then last past willfully, continued and obstinately deserted the petitioner. The facts above recited were proved, and the question is, Is the desertion constructive?

Almost invariably in cases of constructive desertion it is the wife who is the petitioner, and she justifies her actual leaving of her husband upon the ground that his extreme cruelty has driven her from him and thus made the desertion arising out of such separation a constructive one on his part. Causes both physical and mental render the infliction of cruelty by the wife less common than by the husband on her; yet, the law of England and in most of the states of the United States gives the same relief to a complaining husband as to a complaining wife, while in some of them the wife alone is entitled to a divorce for that cause. *1 Bish. M., D. & S. § 1630.* In our state the divorce act expressly provides that a divorce from bed and board may be decreed for extreme cruelty in *either* of the parties. *P. L. 1907 p. 474 § 2.* In *Csanyi* v. *Csanyi, 93 N. J. Eq. 11,* I held that a constructive desertion is one where an existing cohabitation of the parties is put an end to by misconduct of one of them, provided such misconduct is itself a ground for divorce *a vinculo* or *a mensa.* It is true that that case was the usual one of separation being caused by the brutality of the husband; but these constructive desertions are not necessarily confined to cases where the injured party leaves the offending one, but may

also arise where the same spouse is both the offender and the actual deserter.

It has been held that where a husband, afflicted with a venereal disease, having reason to know it, has communicated it to his wife, he is guilty of extreme cruelty. *Cook* v. *Cook, 32 N. J. Eq. 475.* See, also, *Crane* v. *Crane, 62 N. J. Eq. 21, 26; Rogers* v. *Rogers, 81 N. J. Eq. 479, 484.* It is gross cruelty for a husband to communicate to his wife a venereal disease; and if he does it, his knowledge of his condition and the danger of infection will be presumed. *1 Bish. M., D. & S. § 1581.*

This wife knew she had gonorrhea, for when her husband accused her of it she did not deny it, and the proof demonstrated that she had it.

An actual desertion under our statute must be (1) willful— that is, intended by the deserter; (2) obstinate—that is, persisted in against the will of the deserted, and (3) continued— that is, without interruption for the statutory period. The desertion in the case at bar was neither willful nor obstinate. The parties were married September 17th, 1917. They cohabited at petitioner's residence in Collingswood, and on October 19th, the wife went to Boston on a visit and remained there about ten days. After her return she complained of feeling unwell and a few days afterwards petitioner also felt unwell. Medical examination disclosed the fact that both had well developed cases of gonorrhea. The petitioner ceased sexual intercourse with his wife on the discovery of this, occupying a separate bed and room thereafter, and they had frequent quarrels about the trouble. It is clear that she communicated the disease to him. The medical testimony indicates that it is highly improbable that the disease may be contracted except by sexual intercourse with an afflicted person.

It is held that where a wife leaves her husband with his actual or presumed consent, he is obliged to make such advances as a reasonable man would to induce her to return, and thus terminate the separation. But our law, Vice-Chancellor Stevenson observed, in *Rogers* v. *Rogers, 81 N. J. Eq. 311, 313,* has refrained from laying down any hard and fast rule in regard to

the duty thus imposed upon a husband of inviting the return of a wife who has separated herself from him, where she is to blame; that when the question comes before the court the only test of any practical value in a large number of cases is, taking all the conditions and circumstances into consideration, Has the man acted like a just man? This case was reversed (*S. C., Ibid. 479*), but this reasoning was not disturbed. It is obvious that no duty whatever rested upon the petitioner in this case to induce his erring wife to return, afflicted as she was with a loathsome venereal disease. But, further, the situation was reversed, for in cases of constructive desertion it is the duty of the offending party to endeavor to terminate the separation by manifesting reformation and applying for restoration of marital relationship, giving reasonable assurance of sincerity and probable safety to the injured party in resuming cohabitation. *Csanyi* v. *Csanyi, supra*. The proofs do not disclose any attempted performance of this duty by the defendant.

The views above expressed lead to the conclusion that the petitioner is entitled to a divorce for desertion.

Decree *nisi* accordingly.