Assuming that the jurisdictional fact of residence has been established, and it has not, and also that the wife's testimony is corroborated, and it is not, the petitioner has failed to make out a case of desertion. The husband was nineteen, the wife twenty, when they were married. He had a position without pay. They went to live at his mother's home. She left three years later, returned for three months, upon his promise to provide a separate home, and again left, barely two years before the petition was filed. The petitioner left on both occasions because her husband did not provide for her, and did not provide a separate home. Food and shelter came from his mother, and money for her and her baby's other needs were supplied by his mother and her father. Her husband gave her nothing material. Her grievance is that he worked without earning at inventing, and that it was mortifying to live at the expense of his mother and to accept her dole. There is no complaint that the mother-in-law did not treat her kindly, nor that her husband was unkind to her. Her position was trying, but leaving her husband under such circumstances does not mark *Page 477 
constructive desertion on the part of the husband. Failure to support or failure to provide a separate home, without more, does not constitute a constructive, willful, continued and obstinate desertion on the part of the husband. If he has the means and ability, it is his duty to provide both, and failure, under some circumstances, may spell desertion, as, for instance, where it appears that the failure to support is intended to drive the wife away. Palmer v. Palmer, 22 N.J. Eq. 88; Sanford v. Sanford,32 N.J. Eq. 420; Borquin v. Borquin, 33 N.J. Eq. 7; Skean v.Skean, 33 N.J. Eq. 148; Corson v. Corson, 69 N.J. Eq. 513;Farrier v. Farrier, 58 Atl. Rep. 1079.
Exception overruled.