ETHEL RAYMOND PETTY STEPHENSON, petitioner-appellant,

*v.*

CHESTER ARTHUR STEPHENSON, defendant-respondent.

[Submitted May term, 1927.   Decided December 23d, 1927.]

1. In interpreting and construing a statute, the court must consider: first, the old law; second, the mischief; and lastly, the remedy.

2. The Divorce act, being a remedial act relating to the jurisdiction of the court of chancery in suits for divorce, should be liberally and broadly construed to carry out its spirit, not beyond, but within the general sense of the language employed.

3. The legislature, in using the term, "when, at the time the cause of action arose either party was a *bona fide* resident of this state," &c.. in the Divorce act, par. 6 (a), relating to the jurisdiction of suits for divorce on the ground of desertion, clearly referred to the time when the act of desertion took place. and not to the time when such desertion became a cause of action for ·divorce.

4. Where a husband refused to consummate the marriage in New York, where desertion is not a ground for divorce, for more than two years preceding the time that the parties entered the State of New Jersey, and after their moving here the husband continued to refuse to consummate the marriage, the wife could sue under the Divorce act, par. 6 (a), for the husband's matrimonial duty to consummate the marriage did not end on his coming into this state, but continued and came under the control of the laws of New Jersey, and his refusal to consummate the marriage for more than two years after his removal into this state was constructive desertion arising in New Jersey, and was, therefore, not controlled by the provisions of par. 6 (b) of the Divorce act.

On appeal from a decree advised by Vice-Chancellor Church, dismissing appellant's petition for divorce.

*Mr. Frederic B. Scott,* for the appellant.

*Messrs. Child & Shipman (Mr. Francis Child,* of counsel), for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The petitioner-appellant filed a petition in the court of chancery, praying for a divorce from her husband upon the ground of desertion. The defendant-respondent filed an answer thereto, denying the charge of desertion and alleged that the petitioner was not a *bona fide* resident of the State of New Jersey when the cause of action stated in the petition arose, and by way of counter-claim averred that the petitioner was guilty of certain acts of misconduct, none of which acts constitutes a ground for divorce in this state.

When the matter came on for a hearing, before Vice-Chancellor Church, on motion of the petitioner's counsel, the petition was amended by changing the date alleged therein of the time when the desertion commenced to that of October 2d, 1919. Counsel for petitioner then opened the case and made the following statement: "The petitioner in this case now offers to prove that the petitioner in this case was married March 28th, 1906; that on October 2d, 1919, the parties moved to the State of New Jersey and took up their residence here and continued to reside in New Jersey up to the time of the filing of the petition; that the defendant refused to consummate the marriage in New York, and continued to refuse to consummate the marriage in New Jersey from the time they took up their residence here on October 2d, 1919, up until the time of the filing of this petition."

Objection having been made by the defendant-respondent to the state of the case, a stipulation was entered into by and between the solicitors of the respective parties, that the state of the case be, and the same is amended, corrected and added to, to read as follows: "The parties to the above-entitled cause from the time of their marriage on the 28th day of March, 1906, as set out in the amended petition, were residents of the State of New York down to the year 1919, and the petitioner-appellant alleges that from the time of the marriage of the parties down to the year 1919 the defendant-respondent had not consummated the marriage and that such

marriage has never been consummated. The solicitor for respondent moved to dismiss the petition on the ground that even if the allegations to the petition as to the non-consummation of the marriage were true, that the cause of action accrued two years after the marriage of the parties, at which time both petitioner and defendant were residents of the State of New York, which state, in the year 1919, did not recognize desertion as a cause for divorce," and, hence, under our Divorce act, the desertion could not be properly made a ground for divorce, cognizable in the courts of New Jersey.

Thereupon, the court agreed that the petitioner had not sustained the truth of the allegation in her petition respecting her residence, and was not entitled to the relief prayed for; and that the defendant was not entitled to maintain his counter-claim, and thereupon dismissed both petitions.

Plainly stated, the claim of the respondent was, and here is, that, because two years had elapsed from the date when the husband refused to consummate the marriage, and while husband and wife were then residents of the State of New York, and before they came into this state and took up their residence here, the cause of action for divorce for desertion in New Jersey, which is made the basis of petitioner's petition, had its origin and arose in the State of New York, and since desertion is no cause for divorce there, nevertheless, under the interpretation of our Divorce act by the court of chancery and court of errors and appeals, the circumstances as above related had the legal effect to make the matrimonial tie indissoluble in this state on the ground of desertion, notwithstanding that both husband and wife were *bona fide* residents in the state for six years preceding the time of the commencement of the action for divorce for desertion here, and though it appears that from that time husband and wife became such residents, the husband refused to consummate the marriage.

There appears to be no expression, by way of an opinion, in this court, dealing with the subject in hand, but there are several reported cases which were heard and determined in the court of chancery, where that part of the statute involved

in the instant case was construed by that court, in accordance with the views expressed by the vice-chancellor, and were affirmed by this court on the opinion filed in those cases. In the latest reported case (*Buckley* v. *Buckley, 95 N. J. Eq. 783*), Advisory-Master Joline, in a careful and elaborate opinion, wherein the cases dealing with the question are collated, followed the earlier cases, which uphold the view taken by the vice-chancellor. On an appeal, however, to this court, the case was affirmed only by an equally divided court, which rendered any opinion by the court impossible.

It may be well to premise that in none of the cases which involved the mooted question now presented, was the statutory desertion a constructive desertion, as here. While in principle, this differentiation between actual and constructive desertion may be only of slight importance, nevertheless, it has an important bearing on the question, especially in this case, as to whether or not there was a statutory desertion which originated in this state and continued here for more than two years.

For a better understanding and clarification of the subject under review, it becomes necessary to set forth the two paragraphs of the Divorce act which give rise to the discussion as to their legal significance and effect.

Subdivision "(a). When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the action a *bona fide* resident of this state."

Subdivision "(b). When, since the cause of action arose, either party has become, and for at least two years next preceding the commencement of the action has continued to be a *bona fide* resident of this state; provided the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state." *2 Comp. Stat. p. 2030 ¶ 6.*

The well-recognized rule of interpretation and construction of a statute requires—first, a consideration of the old law; secondly, the mischief, and lastly, the remedy.

The statute in its present shape was enacted in 1907. *P. L. 1907 p. 474.*

Before its enactment the old statute concerning divorce (*Rev. 1877 p. 314 § 1*), in substance, declared that the court of chancery shall have jurisdiction of all causes of divorce, &c., provided the parties, complainant and defendant, or either of them, were or shall be inhabitants of this state at the time of the injury, desertion, &c., or where the marriage shall have been solemnized or taken place within this state, and the complainant shall have been an actual resident in this state at the time of the injury, desertion, &c., and at the time of exhibiting the bill; or where the complainant or defendant shall have been a resident of this state at the time of the filing of the bill of complaint, and the complainant or defendant shall have been a resident of this state for the term of three years, during which such desertion shall have continued; and by section 3, page 315, provides, *inter alia*, "that for willful, continuous and obstinate desertion for the term of three years, divorce from the bond of matrimony may be decreed."

A later amendment to this statute, reduced, in desertion cases, the term of three years, during which such desertion shall have continued, to two years.

The provision of the old statute above quoted makes it patent, by direct and unequivocal language, that a cause of action for desertion could be maintained in this state by the petitioner upon having acquired a *bona fide* residence here for a period of two years, even though the defendant or the petitioner had never been a resident in this state, and even though the defendant was not at the time when the suit for divorce was instituted, a resident of the state.  To illustrate: If A and B were married, say in the State of Kansas, and lived there, and A deserted B, his wife there, and both A and B continued to live in Kansas after such desertion, in a state of separation for a number of years, and finally B came to New

Jersey and took up her residence in this state, nevertheless, under the provisions of the statute above quoted, she would be entitled, after a *bona fide* residence for a period of two years within the state, to commence a suit for divorce against her husband, upon the ground of desertion.

The mischief resulting from the statute was that it opened the door wide to persons residing in those states or abroad where desertion was or was not a cause of action for divorce, coming into New Jersey and using its courts to obtain a divorce upon the ground of desertion, upon acquiring a residence here of two years.

The mischief referred to is signally illustrated in *Sweeney* v. *Sweeney, 62 N. J. Eq. 357,* where a wife filed a petition for divorce on the ground of her husband's desertion of her in a foreign country where the marriage took place, and a matrimonial domicile had been maintained up to the time of the alleged desertion, and in which case Chancellor Magie (at *p. 359*) said: "The residence required by the statute to enable the court to assume jurisdiction must be the fixed domicile or permanent home. *Coddington* v. *Coddington, ubi supra; Firth* v. *Firth, ubi supra.* When the domicile or residence is shown to have existed in a foreign state and the claim is that the party invoking jurisdiction has become a resident of this state, the proof must show a voluntary change of residence to this state, and an actual residence at the place selected; to the *factum* of residence must be added the *animus manendi.* As was declared by Mr. Justice Depue, speaking for the court of errors and appeals: 'That the place is the domicile of a person in which he had voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless and until something which is uncertain and unexpected shall happen to induce him to adopt some other permanent home.' *Harral* v. *Harral, ubi supra; Firth* v. *Firth, ubi supra; Tracey* v. *Tracey, ubi supra.*" See *Grover* v. *Grover, 63 N. J. Eq. 771, 775, 776.*

Whether a palliation of the mischief intended to be relieved was accomplished by the legislation in question is inconse-

quential, for we must be guided by the clear meaning of the express language used.

It being a remedial act, relating to the jurisdiction of the court of chancery, in suits for divorce, it should be liberally and broadly construed to carry out its spirit, not beyond, but within the general sense of the language employed.

The prime question here is whether, under the facts disclosed by the record, namely, that both husband and wife were residents of this state, both coming here at about the same time, and both having continued to reside here for a period of six years, and were therefore, *prima facie, bona fide* residents for two years next preceding the time of the commencement, by the wife, of her suit for divorce for desertion, and further, that for more than a period of two years next preceding the filing of the wife's petition, her husband had refused to consummate the marriage in this state, in the circumstances as detailed, it can be successfully maintained that the petitioner's right under the provision of subdivision (b), to sue for divorce on the ground of desertion in this jurisdiction, is forever barred, because, foresooth, while she and her husband were residents of the State of New York, the husband there had refused to consummate the marriage, and persisted in such refusal for more than two years, while he and his wife continued to be residents of that state, whereby the cause of action for divorce for desertion arose and was complete there, and since that state did not recognize desertion as a ground for absolute divorce the petitioner was without remedy in this state for all time to come, even though it appeared that after she and her husband came into this state, and continued to reside here, he continued to refuse to consummate the marriage.

Such an interpretation of the meaning of the act is clearly not warranted by its language or spirit.

A careful and meditative reading of subdivision (a) makes it plain that the legislature in using the term, viz.: "When, at the time the cause of action arose either party was a *bona fide* resident of this state," &c., clearly refers to the time the *act of desertion* took place, and not to a time when such de-

sertion became a cause of action for divorce, for the subdivision in continuing, provides that one of the parties must be a *bona fide* resident of the state at and from the time of desertion for two years next preceding the commencement of the action, and during which period of time such desertion must be willful, continuous and obstinate, and when all these elements are present, then only shall a cause of action accrue to the injured party.

It is equally plain that subdivision (b) in the use of the language, viz.: "When, since the cause of action arose, either party *has become* * * * a *bona fide* resident of this state," and in the proviso of this subdivision, uses the words "cause of action alleged" refers to a complete cause of action for divorce for desertion recognized in this state as such. It is obvious that the phrase "cause of action alleged" can indicate nothing else than a complete cause of action for divorce for desertion, as above indicated. It follows as a logical result that if the desertion took place in a foreign state, which state does not recognize desertion as a ground for divorce, even though such desertion in that state was willful, continuous and obstinate, for two years, and the injured party came subsequently into this state and was a *bona fide* resident thereof, two years next preceding the commencement of the action, that desertion in the foreign state does not furnish a legal basis for a divorce under the law of this state.

A self demonstrative proposition suggests itself in this regard, namely, that since the State of New York did not recognize an action for absolute divorce for desertion, no such cause could properly be said to have arisen in that state, therefore, the words "cause for divorce" must be read as referring to a cause for divorce recognized in this state but not recognized as a cause for divorce in the State of New York, and pursuing this thought to its logical sequence, no cause for divorce actually arose in either state—not in New Jersey, because of the absence of a compliance with its statutory requirements, and not in the State of New York, because no such cause for divorce exists or is recognized there, and, hence, the injured party coming into this state is precluded from obtaining relief here under the statute.

We are not concerned in the instant case with a party seeking a divorce, who has been a resident of this state for a cause of action for desertion arising in the State of New York, but, on the contrary, with a suitor who is seeking a divorce for a cause of desertion, arising in this state. For it is to be particularly observed that the provisions of both subdivisions relate only to where one of the parties is a resident of this state and not to a situation where both parties become residents of this state after his or her cause of action for divorce for desertion has arisen in another state, and where it appears that the husband has refused to consummate the marriage after he and his wife became residents of this state.

To adopt the view that the intent of the act was to fix the status of an injured party in a foreign state, who has been deserted there for the statutory period of two years, and where such desertion is not recognized as a cause for divorce, and who comes here in good faith, and takes up his residence, so that he or she shall never be legally qualified to commence an action for divorce for desertion, upon proof of facts that since coming into this state and being a resident thereof for more than two years during all that period there was a desertion occurring in this state, which desertion was willful, continuous and obstinate, is contrary to the plain and general sense of the statute.

In the case *sub judice,* both husband and wife came into this state from New York and have resided here ever since their entrance. It cannot be successfully maintained that, because of the desertion of the husband of his wife in that state for a period of more than two years, such desertion operated to release him from the duties arising out of the marriage contract. By the matrimonial contract he was obligated to consummate the marriage and support his wife. This he failed to do. This failure to perform his duty in that regard, in New York, began from the time of the marriage and was continued to the time of their entrance into this state and taking up their residence here. During their residence in New York for a period of time of more than two years, and

while this condition of affairs existed between husband and wife, that state did not recognize desertion as a ground for absolute divorce. The fact that the husband refused to consummate their marriage did not release him from its obligations and duties. Therefore, when husband and wife entered this state and took up their residence here, the matrimonial duty to consummate the marriage contract and to support his wife began and continued under the control and operation of the laws of this state, and his persistence in that course of conduct for more than two years constituted a matrimonial offense, and under our statute and decisions, it was a constructive desertion, arising in New Jersey, and, hence, was not controlled by the provisons of subdivision (b).

Furthermore, as has already been observed, *supra,* subdivision (b) refers only to a case where one of the married couple comes into this state since the cause of action arose, for the word "either," in the sense that it is used in the statute, clearly refers to one or the other and not to both, therefore, when both husband and wife come into this state and become resident here, the provision of section (b) becomes inapplicable to the situation, as presented in the instant case.

For the reasons given, the decree of the court of chancery, dismissing petitioner's petition for divorce, is reversed, with a direction that the cause be proceeded with according to the views expressed in this opinion.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, MINTURN, KATZENBACH, JJ.   4.

*For reversal*—KALISCH, BLACK, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   9.