ARTHUR E. ROCKEFELLER, petitioner-appellant,

*v.*

FLORENCE C. ROCKEFELLER, defendant-respondent.

[Submitted February term, 1933.   Decided May 25th, 1933.]

*Mr. John O. Benson,* for the petitioner-appellant.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from a decree of the court of chancery advised by an advisory master overruling the report of the

special master and dismissing the husband's petition for a divorce.

The petition alleged that the wife deserted him in the month of November, 1926.

The parties were married March 31st, 1915, in the State of New York, where they continued to live together until the month of August, 1923, with the exception of two periods of one week each, during which the wife left her husband but was persuaded by her husband's family to return to him.

The husband was employed in a bank at nights at a salary of $3,100 a year and his wife was a teacher earning $3,600 per year.

The wife became dissatisfied with her husband's inability to take her to places at nights and he finally, to please her, gave up his position in the bank and accepted a new position where he worked during the day at a salary of $1,200 per year, with prospects, however, of an increase in the future.

After a short time she complained that his income was insufficient for her proper support, although she still continued to hold her position.

In the month of August, 1923, she wanted her husband to take her to Bear Mountain over the week end and he refused, on the ground that he could not afford the expense. This incensed her and a quarrel ensued. On the following Monday when the husband returned from work the wife had left their home in Brooklyn, New York, and removed all of her furniture from their apartment. As soon as he learned where she had gone, he called on her at the apartment to which she had moved in Brooklyn, and requested her to return, which she at that time stated she was not willing to do, because he was not able to support her the way she wanted to be supported on the money which he was earning. She then, however, told him that if he could provide a proper home and his financial circumstances got better, she would come back and live with him again.

This testimony is corroborated by the mother and the brother of the husband, who went at the husband's request

to call upon the wife to persuade her to return, and she told the mother and the brother that if her husband was able in the future to increase his earnings so that he could provide for her, she would return to him. He went to live with his mother in Woodside, Long Island, New York, and continued to live there until March, 1926, when he moved to Ridgewood, New Jersey, where he has lived ever since.

The testimony showed that from the time of the separation in August, 1923, up to November, 1926, the husband called upon his wife from time to time and reported to her his "circumstances."

In November, 1926, the husband called upon his wife at her apartment in Brooklyn, New York, and informed her that he was then making the sum of $2,600 a year; that he was able to take care of her; that he had a furnished home in the State of New Jersey and wanted her to give up her teaching and come and live with him in New Jersey. She positively declined to do this, stating that she was a professional woman and would not give up her teaching nor live with him.

About a week or so later the husband went again, this time with his brother, to the wife's apartment but she would not let him in, stating that he would have to stay away from her apartment and if he came again she would take other means of getting rid of him. This testimony is corroborated by the brother.

The husband testified that a day or so after that he wrote his wife a letter, asking her to meet him some place Sunday, where they could talk things over and that he asked her in this letter to come back with him. He received no reply to this letter from his wife, but afterwards received a letter from his wife's attorney, requesting him to call and see him. He called and told the lawyer about his wife's leaving him, and how he had tried to get her to come back, to which the lawyer answered: "There isn't a Chinaman's chance of your wife coming back to live with you."

The husband further testified that he had not seen his

wife nor heard from her since the month of December, 1926, and that he had not lived or cohabited with his wife since August, 1923.

The advisory master found that under these facts, it was established that the desertion occurred in the month of August, 1923, while the husband and wife were residents of the State of New York; that the cause of action accrued in August, 1925, and at that time both parties were still residing in the State of New York, and that from August, 1923, down to the taking of the depositions by the special master, this desertion continued without interruption.

By the Divorce act (Revision of 1907—*2 Comp. Stat. p. 2032*), where the defendant is a non-resident and cannot be served with process within the state, jurisdiction is acquired as follows:

"a. When, at the time the cause of action arose, the petitioner was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless the petitioner has been for two years next preceding the commencement of the action a *bona fide* resident of this state.

"b. When, since the cause of action arose, the petitioner has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state; provided, the cause of action alleged was recognized in the jurisdiction in which the petitioner resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

Under this statute conferring jurisdiction to grant a divorce where either party was a resident of the state when the cause of action arose, the court is without jurisdiction to grant a divorce for desertion when the separation took place in New York, and neither party became a resident of this state until more than two years thereafter. *Koch* v. *Koch, 79 N. J. Eq. 24.*

It has been repeatedly held by this court and the court of chancery that a cause of action for divorce upon the ground of desertion did not accrue until after the expiration of two

years after the initial desertion. *Koch* v. *Koch, supra; Getz* v. *Getz, 81 N. J. Eq.* 465; *Flynn* v. *Flynn, 83 N. J. Eq. 690; Orens* v. *Orens, 88 N. J. Eq. 29.*

"Where there is a desertion in another state the petitioner in a divorce suit must prove either that he came to New Jersey to live before the desertion accrued, and remained in such state for the statutory period, and that the desertion continued during all of such time, or that he came after the desertion accrued, and that the desertion has continued for two years thereafter and was a good ground for divorce in the state in which the desertion occurred." *Buckley* v. *Buckley, 95 N. J. Eq. 783.*

It is undisputed that desertion was not a cause for divorce in the State of New York during the period beginning with August, 1923, up to the time of the hearing of this case.

Petitioner took up his residence in New Jersey (March, 1926), and the advisory master, in discussing the alleged desertion of November, 1926, held that this date could not be treated as the commencement of the desertion unless the testimony showed that the husband had made a *bona fide* effort to induce his wife to return to him; and the advisory master found no corroboration of the husband's testimony touching upon his effort to persuade his wife to return to him, and held that the "feeble effort" on the part of the husband to bring an end to the alleged desertion cannot be viewed as an endeavor in good faith to induce his wife to return.

Our examination of the testimony in this case does not lead us to this conclusion.

While the original separation in 1923 was not assented to by the husband at the time, yet the testimony clearly shows that later it was acquiesced in by the husband upon his wife's stating that she would return to him when he was making sufficient money to support her.

The compliance with the terms of these conditions, the testimony is that the husband called on a number of occasions upon his wife and reported the progress he was making by way of increases in salary, &c.

In March, 1926, he moved to Ridgewood, New Jersey, rented furnished rooms there and in the month of November, 1926, notified his wife that he had met the conditions prescribed by her in that he was then earning $2,600 per year, which was enough to properly provide for her; that he had a home and invited her to come and live with him. She then and there for the first time refused positively to return to him. This testimony is not corroborated but there is corroboration of the testimony of the husband that a week or so later he and his brother called upon the defendant and that she refused to talk to him and peremptorily ordered him from her apartment.

Eliminating from consideration the first call made by the husband in which he says he invited her to return and that she refused, and assuming it to have been properly proved by corroborated evidence that the separation was probationary, it would seem to us that the fact that the wife would not even see her husband or talk to him when he called, but ordered him to leave under threats, constituted notice by the wife to the husband that her mental attitude toward her return to her husband had changed, and that in spite of the fact that she had placed him on probation (to the terms of which he had acceded), nevertheless, though he had met the conditions imposed, she refused to carry out her part of the agreement. That being true, then the desertion began then and there, which was November, 1926, and if it began then and there, the facts and circumstances in connection with the original separation and the conduct and attitude of the wife toward the husband in the meantime were, in our opinion, such as to clearly indicate that any further effort on the part of the husband to induce his wife to return to him would be unavailing and, therefore, under the decisions of our courts, unnecessary. *Buckley* v. *Buckley, supra; Garrett* v. *Garrett, 86 N. J. Eq. 293; Marsh* v. *Marsh, 86 N. J. Eq. 419.*

After the wife had ordered him from her apartment in November, 1926, the husband had asked his brother to see

the defendant and endeavor to persuade her to come back and live with him, and the brother, who was a teacher and on friendly terms with defendant, testified that on two occasions, one in the year 1926, and the second time at a teachers' convention in 1927, he had given the petitioner's message to the wife and she said there was not a chance of her coming back and that she would not live with her husband again, and that he had reported this to the petitioner.

We are of the opinion that it is established by competent evidence in this case that the desertion of the wife began in the month of November, 1926; that the cause of action accrued in November, 1928, and that during all of this time the husband was a resident of the State of New Jersey and continued to be such for more than two years thereafter and immediately preceding the filing of his petition for a divorce and that the court of chancery of the State of New Jersey, therefore, had jurisdiction, and that all of the material facts charged in the petition are true.

This leads to the conclusion that the decree entered in this cause should be reversed and that a decree for divorce should be granted to the husband for the cause of desertion pursuant to the prayer of the petition.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, JJ. 5.

*For reversal*—TRENCHARD, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 8.