65 N.J. Super. 291 (1960)
167 A.2d 665
VIRGINIA ARROYO MATIAS, PLAINTIFF,
v.
RAMON MATIAS, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 19, 1960.
Mr. Rocco Wm. Lo Piano, attorney for plaintiff.
NIMMO, J.S.C.
This is a matrimonial action. Complaint was filed April 4, 1960 and the defendant did not contest the suit.
*292 The parties were married on June 10, 1948 at Bayamon, Puerto Rico. Two children were born of the marriage. After the marriage the parties continued to live in Puerto Rico until October 1951, when the defendant left the plaintiff and his family and came to New York. In 1954 the plaintiff instituted proceedings in a Puerto Rican court under the Uniform Reciprocal Enforcement of Support Act, and a New York court ordered defendant to pay $10 a week for support of his family in Puerto Rico.
On February 8, 1957 plaintiff came to Hoboken, New Jersey, to live with her children. In May 1959 plaintiff instituted proceedings in the Hudson County Juvenile and Domestic Relations Court under the Uniform Reciprocal Enforcement of Support Act, and a New York court ordered the defendant to pay $25 a week for the support of his family. On April 4, 1960, as above stated, plaintiff filed suit in this court for divorce on the ground of desertion, alleging that she was deserted about October 1951 when she was residing in Puerto Rico. It was testified to by plaintiff and corroborated that the defendant expressed a desire that plaintiff remain in Puerto Rico and not accompany him to New York, and that this was contrary to the wishes of plaintiff, and that she implored him to return to Puerto Rico.
The foregoing is a statement of the facts as presented to the court. There is no question that the defendant's abandonment is continuous for a period of upwards of nine years.
The question presented to the court is whether this court has jurisdiction, since the desertion took place in Puerto Rico nine years ago. The plaintiff urges that N.J.S. 2A:34-10 is applicable, wherein it provided that "Jurisdiction in actions for divorce, either absolute or from bed and board, may be acquired when process is served upon the defendant as prescribed by the rules of the supreme court," and:
"When, since the cause of action arose, either party has become, and for at least 2 years next preceding the commencement of the *293 action has continued to be, a bona fide resident of this state; provided the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state." (Emphasis added)
Under the law of this State the cause of action for divorce on the ground of desertion arises on the second anniversary of the date of the desertion. In this case the cause of action arose in October 1953 when plaintiff was a resident of Puerto Rico and the defendant a resident of the State of New York.
Plaintiff urges that the law of Puerto Rico is the same as New Jersey and by the authority of our statute this court has jurisdiction. An examination of the law of Puerto Rico concerning divorce reveals that it is there the law that the abandonment (they do not use the term desertion) must continue for a period greater than one year, but there is nothing stated that it must be willful and obstinate. Their case law would indicate that there must be shown a firm and decided intention to separate forever and to sever the matrimonial bond.
It is the opinion of this court that the law of Puerto Rico as to desertion as a ground for divorce is not the same as that of New Jersey. The requirement of our statute that the desertion be willful, obstinate and continuous for two years is absent from their law. Therefore N.J.S. 2A:34-10, paragraph 2 is of no avail to plaintiff.
Judgment of dismissal of the complaint will be entered.