66 N.J. Super. 277 (1961)
168 A.2d 851
ANN FITZGERALD, PLAINTIFF,
v.
CHRISTOPHER FITZGERALD, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 15, 1961.
*279 Mr. P. Phineas Jacobs, attorney for the plaintiff.
*280 FULOP, J.C.C. (temporarily assigned).
Plaintiff sues for divorce on the grounds of extreme cruelty and constructive desertion. The husband was personally served with process at or near his wife's residence in New Jersey. The action is uncontested. The question to be determined is whether the court has jurisdiction of the subject matter.
Plaintiff resides in Elizabeth, New Jersey, and had resided there for slightly over two years before the commencement of the action. Prior to that time she lived in the State of New York where her husband still resides.
The parties were married on July 13, 1946 in the State of New York. In June 1958 plaintiff left her husband and came to New Jersey with the two children of the marriage. She charges that she did so by reason of the extreme physical and mental cruelty of the defendant. All of the alleged acts occurred in New York, none in New Jersey.
Jurisdiction in actions for divorces is granted by N.J.S. 2A:34-10, which provides as follows:
"Jurisdiction in actions for divorce, either absolute or from bed and board, may be acquired when process is served upon the defendant as prescribed by the rules of the supreme court, and:
1. When, at the time the cause of action arose, either party was a bona fide resident of this State, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the 2 years next preceding the commencement of the action a bona fide resident of this state; or
2. When, since the cause of action arose, either party has become, and for at least 2 years next preceding the commencement of the action has continued to be, a bona fide resident of this state; provided the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."
Plaintiff has neither alleged nor proved the law of New York. If she relies upon subparagraph 2 of the above quoted statute, this omission is fatal to her case. The burden of proof is upon the plaintiff to allege and prove the applicable foreign law constituting an element of her case *281 under New Jersey law. Buckley v. Buckley, 95 N.J. Eq. 783 (E. & A. 1923).
The court may take judicial notice of the law of a foreign jurisdiction even though it is not pleaded or proved. N.J.S. 2A:82-27, 28; M.N. Axinn Co. v. Gibraltar Development, Inc., 45 N.J. Super. 523 (App. Div. 1957); Colozzi v. Bevko, Inc., 17 N.J. 194 (1955). But that rule does not seem applicable when the foreign law is an essential element of the plaintiff's claim for relief of a type disfavored in the law. In any event, plaintiff does not rely on the law of New York, and adultery is the only ground for absolute divorce in that state. New York Civil Practice Act, § 1147.
With respect to the count for divorce based on extreme cruelty, it is clear that no cause of action arose in New Jersey. All of the acts of alleged cruelty occurred while the parties were domiciled in the State of New York where it is not a ground for divorce. See 11 N.J. Practice (Herr, Marriage, Divorce and Separation), § 754 (Lodge, 2d ed., 1950). Plaintiff substantially concedes that this cause of action cannot be sustained.
However, plaintiff contends that the acts of extreme cruelty which allegedly occurred in New York and drove plaintiff from cohabitation with defendant give rise to a cause of action for constructive desertion after plaintiff moved into New Jersey and continued to remain here separated from defendant for two years. In support of this contention, plaintiff cites the authorities dealing with simple desertion begun elsewhere and continued after establishment of domicile here.
Where the parties are not domiciled in New Jersey at the time of the original separation but one or both establish a domicile here before the expiration of two years after the separation and the other requisites of a cause of action for simple desertion are thereafter met, the deserted party may maintain an action for divorce under the law of this State. The desertion is said to have occurred in New Jersey at the end of the two year period. Rockefeller v. Rockefeller, *282 113 N.J. Eq. 274 (E. & A. 1933); Koch v. Koch, 79 N.J. Eq. 24 (Ch. 1911). Where, however, the desertion begins and is continued for two years while the parties are domiciled elsewhere, it is said that the cause of action "arose" in the place of their then domicile and whether or not it is available as a ground for divorce in New Jersey upon a subsequent establishment of domicile here depends upon the law of the former domicile. Getz v. Getz, 81 N.J. Eq. 465 (Ch. 1913). See Matias v. Matias, 65 N.J. Super. 291 (Ch. Div. 1960). The force of the latter decisions is impaired, however, by Stephenson v. Stephenson, 102 N.J. Eq. 50 (E. & A. 1927), in which it was held that where both parties removed to New Jersey and while resident here one of the parties refused marital relations with the other continuously for two years against the will of the other, a cause of action for desertion arose in New Jersey, without regard to the fact that a similar prior desertion had occurred for more than two years while both resided in New York.
The rule of the Stephenson case was applied in Adler v. Adler, 110 N.J. Eq. 381 (Ch. 1932). There the parties were domiciled in New Jersey when the husband deserted. The wife continued to live here for more than two years. She then removed from the State. Later she returned and, more than two years thereafter, instituted an action for divorce on the ground of desertion. The desertion was continuous throughout these moves. The court held that plaintiff could rely on a two-year period before she removed from the State or after she returned to the State.
The cases are in conflict and need not be reconciled for the purposes of this case. Under any view they do not support the plaintiff's claim here.
The statute with which we are dealing was framed as a uniform act designed to prevent migratory divorces. The law of the place where the parties were domiciled when the acts occurred which constitute the matrimonial offense as well as the law of the forum and present domicile must be satisfied. See Voss v. Voss, 5 N.J. 402 (1950). Moving *283 into this state after the occurrence of the matrimonial offense is of no help to the litigant if the offense was not ground for the same relief in the state of prior domicile.
The requirement of domicile in this State in the first subsection of the statute applies both to the time of the suit and to the time of the offense. The statute refers to the time when the cause of action arose. However, it seems clear that what was intended was the time of the matrimonial offense which gives rise to the cause of action. As pointed out in Stephenson v. Stephenson, supra, the cause of action can never arise in a state in which the law does not grant a cause of action for the offense.
In a simple desertion the cause of action is based upon the matrimonial offense of persistent separation from the spouse against the latter's will for two years. During the two-year period after the initial separation, the erring spouse may return. The offense is not complete until the entire time has expired. A new period of desertion may be commenced by bona fide effort on the part of the deserted spouse to effect a reconciliation. See Rockefeller v. Rockefeller, supra. The staying away is a continuous offense.
A constructive desertion is not a desertion at all. The separation is by the will of the offended party, justified by the acts of cruelty which preceded it. The period of continued separation for two years is part of the cause of action but it is not part of the matrimonial offense. It is much the same as the six-month statutory waiting period in extreme cruelty. The cause of action is complete but not mature at the time of separation. No further act on the part of the offending spouse is needed, and there is nothing that he can do unilaterally to prevent the maturing of the action. Klein v. Klein, 6 N.J. Misc. 359, 140 A. 233 (Ch. 1928); Soos v. Soos, 14 N.J. Misc. 381, 185 A. 386 (Ch. 1936).
Constructive desertion is a court-created cause of action. Extreme cruelty was not a ground for absolute divorce in New Jersey until 1923. L. 1923, c. 187, p. 494, N.J.S. *284 2A:34-2. The doctrine of constructive desertion was the means by which the courts were able to grant relief on the ground of desertion to a wife driven from home by her husband. Marker v. Marker, 11 N.J. Eq. 256 (Ch. 1856); Palmer v. Palmer, 22 N.J. Eq. 88 (Ch. 1871). As the doctrine developed, the requirement of an intent on the part of the defendant to drive the plaintiff out was abandoned. It was held sufficient if defendant was guilty of such misconduct as was itself a ground for divorce a vinculo. Succhierelli v. Succhierelli, 101 N.J. Eq. 30 (Ch. 1927); Csanyi v. Csanyi, 93 N.J. Eq. 11 (Ch. 1921); Danielly v. Danielly, 93 N.J. Eq. 556 (Ch. 1922); Hauenstein v. Hauenstein, 95 N.J. Eq. 34 (Ch. 1923).
For all practical purposes an action for constructive desertion based on extreme cruelty is the same as an action for divorce for extreme cruelty, except that the waiting period is two years rather than six months. Precisely the same degree and quality of proof is required.
It follows that where all of the acts of extreme cruelty occurred while the parties were domiciled in New York, which does not recognize them as constituting a cause of action for absolute divorce, these acts cannot constitute the basis of a cause of action in New Jersey for absolute divorce either on the ground of extreme cruelty or on the ground of constructive desertion. No part of either offense was committed while plaintiff was domiciled in New Jersey. Were it held otherwise, the statutory purpose to prevent migratory divorces in this State would be defeated.
I have assumed without deciding that the plaintiff has successfully established her domicile in New Jersey for two years prior to commencement of the action.
The complaint is dismissed.